In the Matter of FLEETWOOD ACRES, INC., Petitioner, against NATIONAL LIFE INSURANCE COMPANY, Respondent.

Supreme Court, Special Term, Westchester County, October 1, 1945.

*Fiero & Fiero* for petitioner.

*Dorsey & Adams* for respondent.

*Nathaniel L. Goldstein, Attorney-General (Herbert A. Einhorn* of counsel), appearing under section 68 of the Executive Law.

PATTERSON, J. This is a proceeding pursuant to sections 275 and 333-b of the Real Property Law to compel an assignment of a mortgage. There is no dispute as to the facts. The issues are solely those of law.

The facts are briefly as follows:

On November 21, 1938, the parties hereto entered into a building and loan agreement with the Federal Housing Adminis-

trator wherein, among other things, they subjected themselves to the rules and regulations of said administrator.

On the same day, the parties executed a mortgage on Fleetwood Acres in the sum of $800,000 and incorporated in the mortgage the terms and conditions theretofore set forth in the building and loan agreement.

On December 15, 1939, the parties executed a second mortgage on Fleetwood Acres securing a loan in the sum of $45,000 and at the same time, entered into an agreement consolidating the two mortgages and preserving the terms and conditions set forth therein. The mortgage contains a provision permitting the petitioner to pay the same in full at any interest date. Accordingly, the petitioner notified the respondent of its intention to pay same on October 1, 1945, an interest date, and has duly demanded an assignment from respondent to the successor mortgagee, which the respondent has refused to execute and deliver. If it were not for the amendment of 1940 to section 275 of the Real Property Law (L. 1940, ch. 831), petitioner would be clearly entitled to the relief sought.

The section, before amendment, provided that whenever a mortgage shall be due and payable, the mortgagee shall execute to any person named by the owner of the land upon which the mortgage is a lien, an assignment of the mortgage; now the amendment imposes an exception, namely, nothing in the section shall require such execution and delivery of an assignment in lieu of a certificate of discharge, where the owner and holder of the mortgage is the State Comptroller as trustee of any of the funds of the New York State Employees' Retirement System, or in the case of any mortgage where the Federal Housing Administrator has insured or has made a commitment to insure under the National Housing Act (U. S. Code, tit. 12, § 1701 *et seq.*), as here. On the face of the amended section, the respondent comes within the exception.

The petitioner seeks to circumvent the exception by the claim that the amendment is unconstitutional, in that it impairs the obligation of petitioner's contract and interferes with its vested rights, and is further unconstitutional in that it sets up an arbitrary and discriminatory classification and denies petitioner the equal protection of the laws, and further, irrespective of its constitutionality, it may not be construed as retroactive, and since petitioner's mortgage was executed and delivered prior to the adoption of the amendment, the mortgage remains unaffected thereby.

It is the position of the respondent that the mortgagor by its contract with the mortgagee and the Federal Housing Administrator has waived the remedies, if any, provided by section 275, and has bound itself solely to the terms of the agreements executed by it; that the section in question as amended is a remedial statute and as amended applies to pending mortgages such as the one at bar, and it was the intention of the Legislature, when it amended section 275, that said section would be retroactive and apply to pending mortgages; and further, that even if section 275 were not remedial, the petitioner never acquired any rights pursuant to its terms.

Heretofore in an ad interim opinion, I have held that this court has jurisdiction to entertain the proceeding in question.

The petitioner urges the proposition that independent of any statutory right, there is a fundamental common-law right whereby a mortgagor may demand, upon tender of the unpaid balance of a mortgage indebtedness, to have the mortgage assigned to his designee in lieu of receiving a satisfaction piece, and cites in support of its contention *Barnes et al.* v *Mott* (64 N. Y. 397). As I read that case, it does not deal with the mortgagor's right to demand an assignment in lieu of a satisfaction.

On the other hand, an earlier case, *Ellsworth* v. *Lockwood* (42 N. Y. 89), apparently holds that there was no right in common law to an assignment in lieu of a satisfaction, on payment of the mortgage indebtedness by a mortgagor.

In my opinion, the amendment in question does not contravene the Constitution of our State. I don't think that the section created a statutory substantive right. It merely affects the form of procedure or remedy which the Legislature has prescribed for the benefit of mortgagors who seek to pay off their mortgage without merging it in the fee. The section, prior to its amendment, extended to a mortgagor, as a privilege accorded by the Legislature and as an extraordinary form of remedy, the right to demand in lieu of a satisfaction, another form which would constitute evidence of redemption, namely, the right to designate an assignee. The general rule is that an extraordinary remedy granted by the Legislature and springing from no inherent or contract right may be altered or withdrawn without impairing the obligation of the contract or other vested rights.

Under the regulations of the Federal Housing Administration, which are part of the agreements between the parties, the petitioner is not entitled to an assignment. This agreement was incorporated into and made a part of the mortgage: " This

mortgage is made pursuant to and subject to the terms and conditions of a certain building and loan contract made by the mortgagor and mortgagee, and to which the Administrator is a party, to the same extent and effect as if fully set forth herein, and the mortgagor hereby covenants to perform all of the terms of the said contract on the part of the mortgagor to be performed.''

In article VI of the Regulations under the heading '' Assignments '' it is provided in paragraph 2 thereof conditions under which a mortgage may be transferred, namely, with the written approval of the Administrator (Code of Fed. Reg., tit. 24, § 533.13). This is the only method of assignment permitted under the regulations. There is ample reason for the limitation of the method of assignment permitted under the regulations. To permit mortgagees to cancel insurance by mere assignment of the mortgage, or at a time when the risk has been reduced to a point where the mortgagee or its assignee was willing to hold the loan on an uninsured basis, would be clearly inconsistent with the Congressional intent. It would have the effect of depriving the insurance fund of anticipated income from the good loans, and leave it obligated under its insurance of the high risk loans. It would impair the solvency of the insurance fund, and the dividend rights of home owners.

The regulations referred to were in full force and effect at the time the original mortgage was executed, and they continued unchanged throughout the subsequent agreements of the parties, and it must follow that the parties are bound by them.

It is too well settled to need authority, that a person may waive any right that he has, whether secured to him by contract, conferred upon him by statute, or guaranteed to him by the Constitution.

Section 275 of the Real Property Law, as amended, is a remedial statute, and as such applies to pending mortgages such as the instant one. Of course, the petitioner argues that when the mortgage was executed, the statute permitted it to secure an assignment under certain conditions, and thereby it had a vested right to such an assignment, which could not be impaired by retroactive legislation. That would be true were it a fundamental right, but it is not true if section 275 provides the only remedy by which the mortgagor can obtain evidence of the extinguishment of his debt. The remedial legislation constitutes an exception to the general rule that statutes are not to be given a retroactive effect. Remedial legislation is retroactive and applies to all pending actions.

As the court said in *Kugel* v. *Telsey* (250 App. Div. 638, 639):
" Every statute which pertains to the remedy or procedure is retroactive in that it operates upon all pending actions unless they are expressly excepted."

The only right of a mortgagee is to be paid in full, and of a mortgagor, the right to redemption, evidenced by a satisfaction of the mortgage. As a matter of fact, if the mortgage had never been recorded, the mortgagor would be fully protected, and could demand nothing else than a surrender to him of the bond. The recordation act is merely a remedial process. The filing of a mortgage against real property thereby creates a lien against the property, and hence the necessity of a satisfaction piece in order to correct the record.

There is no vested right in a particular remedy or procedure so long as an adequate remedy exists. (See 2 Sutherland on Statutory Reconstruction [3d ed.], § 2205.)

Section 275 being remedial in its nature, and the Legislature having the right to enact remedial legislation which is retroactive in scope, it follows that the applicable section to the case at bar is that section in force and effect at the time of the creation of the right in the mortgagor to its equity of redemption.

A reading of the section as amended would seem to indicate an obvious purpose on behalf of the Legislature that said section would be retroactive and apply to pending mortgages. The Legislature by eliminating from assignment any mortgage which the Federal Housing Administrator held, employed the words in connection therewith, " *has insured* or *has made a commitment to insure under* the national housing act." (Italics supplied.) These words have a very definite and exact meaning, and that meaning cannot be extended or restricted by interpretation. It needs none. There is nothing to interpret.

In section 51 of Book 1, Statutes, of McKinney's Consolidated Laws of New York (pp. 74–75), the following appears:
" As a question of intention, a statute framed in future words, such as ' shall ' or ' hereafter,' is construed as prospective only; while, on the other hand, a statute using the words ' has been ' or ' heretofore ' or some other expression denoting past time, is construed as retrospective, when constitutional difficulties do not forbid."

In *Matter of Andersen* (178 N. Y. 416, 420) the court said in a proceeding involving the construction of the Highway Law:
" We are, however, unable to agree with the construction placed upon the act of 1903 by the Appellate Division, as in our opinion the statute bears upon its face the expressed intention of

the legislature to make it retroactive. It reads: ' In any town in which a highway *has been or hereafter shall be repaired, graded and macadamized* \* \* \*.' \* \* \* It is difficult to conceive of language more plainly indicating the intention of the legislature to render a statute retroactive than is here employed."

As here pointed out, the section in question being remedial, there is no constitutional inhibition against its being retroactive.

The respondent goes further and argues that even if the section were not remedial, the petitioner never acquired any rights pursuant to its terms, and hence there are no rights to be impaired by the retroactive invoking of the statute. Before having any rights under the statute to an assignment, the mortgagor had to comply with the conditions precedent, and he had to do this prior to 1940 when it was amended. Prior to the amendment, the statute contained the following language: " \* \* \* provided a demand has been made of the holder of the mortgage by the owner of the land upon which the same is a lien for such assignment in lieu of a certificate of discharge of the same, and the full amount of principal and interest due on the mortgage and the usual fee for drawing the assignment is tendered or paid."

From the above, it will be seen that certain affirmative conditions had to be complied with by the mortgagor before an assignment could have been obtained, namely, demand had to be made by the mortgagor, and secondly, that the full amount due and owing had to be tendered or paid. Neither of these acts was done by the petitioner prior to the amendment. Therefore, the petitioner never obtained any rights to an assignment during the time when such right was available. The conditions were not complied with until August 14, 1945, more than five and a half years after the amendment containing the exemption quoted above. The petitioner cannot be heard to say that by now complying with the conditions of the statute as it existed prior to the amendment, it can secure the rights previously available under it. The most that the petitioner had prior to 1940 was a mere privilege, and unexercised privileges do not survive the repeal of a statute. They were lost when the Legislature amended the law. Upon the execution of a mortgage, the only vested right the mortgagor acquired was an equity of redemption.

In connection with the argument of petitioner that the amendment is unconstitutional in that it denies the petitioner the

equal protection of laws, it must be borne in mind that the Fourteenth Amendment applies only to rights and not to remedies (U. S. Const., 14th Amendt., § 1). Rights are static. Remedies are transient, which may be changed at the will of the legislative body. The exemption or classification cannot be said to be so unreasonable or irrational as to render the act unconstitutional. The Legislature was clearly acting to promote the public welfare by protecting the solvency of the State Retirement Fund and the Federal Housing Insurance Fund.

It is my opinion that under the amendment of 1940 the petitioner is not entitled to the assignment sought, and hence the petition must be dismissed.