COUNTY TRUST COMPANY, Plaintiff, *v.* EDMIL CONSTRUCTION CORP. et al., Defendants.

Supreme Court, Special Term, Queens County, April 30, 1952.

*Weissberger & Leichter* for William Rogers and another, defendants.

*Gerald Fitzgerald* for plaintiff.

HOOLEY, J. Motion for an order directing the plaintiff to (a) assign and deliver to a nominee of the defendant William Rogers the mortgage now held by it, and (b) to direct the plaintiff to discontinue this action only as against the defendants, William Rogers and his wife. Cross motion to strike out the answer and for summary judgment.

This action was brought to foreclose a large number of distinct, separate mortgages, each covering a separate plot of ground and a dwelling, either then in the course of construction or to be thereafter erected thereon. The amended complaint herein alleges twenty separate causes of action, each relating to one of said separate mortgages. The defendants William Rogers and his wife are affected only by the fourteenth cause of action.

Prior to June 12, 1950, Edmil Construction Corp., one of the defendants herein, was engaged in developing a tract of land in the third ward of the borough of Queens, by building thereon a number of one-family dwellings, of which the parcel of land, more particularly described in the fourteenth cause of action alleged in the amended complaint herein, is a part.

On January 12, 1950, said Edmil Construction Corp. had built and completed one dwelling, to which it referred as the " model house " and was working upon others in the course of construction on the said tract of land. On said date the defendant, William Rogers, entered into a contract with said Edmil Construction Corp., one of the defendants herein, under and by the terms of which the Edmil Construction Corp. agreed to sell to the defendant, William Rogers, a one-family dwelling the purchase price being $15,975. Five hundred dollars was paid by Rogers on the signing of the contract and Rogers agreed to execute a purchase money mortgage in the sum of not less than $14,500 and to pay the balance of $975 or $925, depending upon the amount of the mortgage, at the closing of title on October 30, 1950.

By way of a rider attached to the contract and made a part thereof, the parties thereto further agreed that Rogers should pay an additional $1,542 for certain extra work to be done on the house and therein enumerated. The dwelling house was to be ready for occupancy and title to the property was to be conveyed on October 30, 1950. On August 7, 1951, when the house and improvements were still not completed, Rogers entered into an agreement, by the terms of which he was given possession thereof prior to the closing of title. This agreement

required certain payments to be made by Rogers which were paid.

Provided the contract and extra work set forth in the rider and other extras had been fully performed and furnished, Edmil Construction Corp. would have been entitled to receive from Rogers the sum of $17,881. Rogers actually paid to Edmil Construction Corp. cash in the amount of $2,768 and claims that he became entitled to certain credits, as follows: $180 for a refrigerator as per model house which was not furnished and an additional sum for special refrigerator not furnished, which amounted to $101 and to a credit of $857 for certain items in the rider which were not completed, making a total cash and credits in the sum of $4,406. According to Rogers' figures, the balance that would be due therefor, if everything were fully completed, would be $13,475. The proposed purchase money mortgage of not less than $14,500 was to be a 4% mortgage. It is the claim of Rogers, which is apparently borne out by the papers in the case, that by August 10, 1951, Edmil Construction Corp. had received from him in cash more money than was due from him under both the contract and rider thereto and for items of extra work. The Edmil Construction Corp. has not as yet completed the same so that there is a substantial sum to pay out when Rogers obtains title and completes the work.

After Rogers and his family entered into possession and occupancy of the land and building, Edmil Construction Corp. fell into serious financial difficulties and Rogers was informed that the house would not be completed.

On or about January 26, 1952, Rogers and his wife were served with the summons and amended complaint herein to foreclose the mortgage held by the plaintiff covering the Rogers' property. The mortgage sought to be foreclosed against the property in question was a mortgage dated February 7, 1951, made by Edmil Construction Corp. to the plaintiff, for the purpose of securing the sum of $11,600.

The defendant now moves to compel the execution and delivery of an assignment of the mortgage. This is proper procedure. In *Albany Sav. Bank* v. *Fairchild* (276 App. Div. 297) the court held that defendant's application to direct an assignment of the mortgage was properly brought in the pending foreclosure action. The defendant herein has made a proper tender of the amount due.

The first objection raised by the plaintiff is that the defendant, William Rogers, is not the owner of the land on which the

mortgage is a lien and, therefore, does not come within the provisions of section 275 of the Real Property Law. However, Rogers is a vendee in possession of real estate and from time immemorial it has been the settled law that a vendee in possession was considered as the equitable owner. In *Carthage Tissue Paper Mills* v. *Village of Carthage* (200 N. Y. 1, 9) the court said: " The existence of the outstanding contract, possession by the vendees and improvements made by them made them ' purchasers and owners,' as held by the referee." In *Karp* v. *Twenty Three Thirty Ryer Corp.* (185 Misc. 440, 442, affd. 270 App. Div. 758) the court said: " The vendee of a contract for the purchase of real estate does not have the title to the property but is in equity considered as the owner; the second cause of action is in its nature one to quiet plaintiff's equitable title to the property and to remove any cloud thereon; generally the proper party to bring such an action is the one holding the legal title or interest, but it is also held that as such an action is an equitable one, an equitable title is enough to sustain it (*Lounsbury* v. *Purdy,* 18 N. Y. 515, 520; *Coel* v. *Glos,* 232 Ill. 142)."

The court is of the opinion that under the circumstances herein the defendant Rogers comes within the purview of the word " owner " in section 275 of the Real Property Law.

The second objection raised by plaintiff is that where there has been a commitment to insure a mortgage under the National Housing Act, an assignment of a mortgage in lieu of a satisfaction cannot be required by virtue of the express provisions of section 275 of the Real Property Law. As to such objection, the contract and the rider attached thereto between Rogers and Edmil Construction Corp. fixed a purchase price of $17,517 and provided for a mortgage of $15,000 but not less than $14,500. Nothing in the opposing papers shows any F. H. A. commitment for a mortgage of not less than $14,500 on the Rogers house. A commitment for a mortgage of $11,600 is not one for a mortgage of not less than $14,500. It is most important to Rogers to obtain an assignment of the mortgage. He would have great difficulty in putting on a new mortgage in view of the many mechanics' liens filed against the property.

In addition, the regulations of the Federal Housing Administrator have been amended since the decision in *Matter of Fleetwood Acres* v. *National Life Ins. Co.* (186 Misc. 299, affd. 270 App. Div. 1050), relied on by plaintiff, so as to provide that the contract of insurance shall terminate upon a happening of

the following: the acquisition of the insured mortgage by or on the pledge thereof to any person, firm or corporation, public or private, other than an approved mortgagee. (Administrative Rules and Regulations under National Housing Act, § 203; U. S. Code, tit. 12, § 1709, as amd. through April 24, 1950.) Thus the Federal Housing Administration escapes from any insurance liability on its part by the acquisition of the insured's mortgage by a person other than an approved mortgagee. If this assignment is directed, the plaintiff will lose nothing; the Federal Housing Administration will lose nothing, nor will it incur any liability.

Furthermore, the mortgage which defendant seeks to have assigned herein is not the mortgage concerning which the commitment for the $14,000 mortgage was made. The latter was a new mortgage which was to be executed at the closing of title which was originally contemplated, at which time the mortgage held by the plaintiff would have been paid off. The mortgage which defendants seek to have assigned is a mortgage which was made pursuant to a building and loan agreement between the plaintiff herein and the builder, Edmil Construction Corporation. There is no proof submitted that "the federal housing administrator has insured or has made a commitment to insure" the mortgage herein under the National Housing Act. Such proof was necessary on the part of plaintiff in order to take advantage of the foregoing provision of section 275 of the Real Property Law.

The motion for an order directing the plaintiff to assign and deliver to the nominee of the defendant, William Rogers, the mortgage held by it, upon payment to it of the amount due and interest and a proportion of the foreclosure costs is granted. Rogers will thus be given an opportunity to work out of the financial entanglements in which he finds himself. The plaintiff is directed to discontinue the action as against the defendants, William Rogers and his wife, and as against the property in question. The motion for summary judgment and for an order striking out the answer of the defendant Rogers is denied.

Settle order on notice.