George Eilperin, J.
Plaintiff seeks to compel the defendant to deliver to her an assignment of a New York City transfer of tax lien upon payment to the defendant of the principal and interest due thereon. The defendant is the owner and holder of a transfer of tax lien, No. 78680-A made by the City of New York on May 24, 1944 covering a parcel of vacant land in the Borough of Brooklyn known and designated on the Tax Map of The City of New York for Brooklyn as Tax Lot No. 20 on *849 Block 8089. The plaintiff is the owner of a parcel of land which she acquired by two conveyances, one in December, 1953 and the other in January, 1954. This strip of land constitutes a segment of the whole of the premises covered by the transfer of tax lien. The assignment sought by the plaintiff is that of the entire transfer of tax lien.
At the trial the court was of the opinion that once the plaintiff established ownership of the parcel of land, she would be entitled to the relief sought by virtue of section 1112 of the Real Property Tax Law (formerly Tax Law, § 163-a). The court came to that conclusion by reason of the fact that a brief was submitted to it at the inception of the trial by the plaintiff’s attorney, which brief referred to an opinion of one of its colleagues involving a somewhat similar state of facts and the same parties, wherein the court in that case held that subdivision 2 of section 1112 of the Real Property Tax Law was applicable. No appeal was taken from the aforesaid determination. Upon the conclusion of the present case the court reasserted its views based upon section 1112 of the Real Property Tax Law. However, the defendant requested an opportunity to brief the matter, which was not done before or during the trial. A similar opportunity was given to the attorney for the plaintiff, at which time the court reserved decision. After'receipt of the briefs and after independent research, the court finds that section 1112 is not applicable herein and that plaintiff is not entitled to an assignment of the transfer of tax lien but is entitled to have' it satisfied to the extent wherein it affects plaintiff’s parcel.
The provisions of section 1112 of the Real Property Tax Lawr are applicable only to those tax districts which have elected to come within their purview (Real Property Tax Law, § 1104; Subin v. Panfilowich, N. Y. L. J., April 27, 1949, p. 1507, col. 3). The City of New York has not made such election. The only section by which the plaintiff may seek any relief concerning the tax lien in question is section 415(1) — 23.0 et seq. of the Administrative Code of the City of New York, which governs the enforcement of the collection of tax liens in New York City. That section, unlike section 1112 of the Real Property Tax Law, does not provide for the assignment of transfer of tax liens on payment of the amount due but merely provides for its satisfaction and discharge (Administrative Code, §§ 415 [1]-36.0; 415[l]-37.0). Reference has been made to section 275 of the Real Property Law which permits the assignment of a mortgage in lieu of discharge. It is evident that such section does not apply to transfer of tax liens since by its very terms it is confined to mortgages and thus cannot affect other liens.
*850 Plaintiff asserts that in. any event she is entitled to an assignment of the lien under common-law principles. There is no fundamental common-law right where an owner of a parcel may demand, upon tender of the unpaid balance of an indebtedness, to have the lien assigned to Ms designee in lieu of receiving a satisfaction piece (Matter of Fleetwood Acres v. National Life Ins. Co., 186 Misc. 299, affd. 270 App. Div. 1050). There is no analogy betwixt the present issue and the proposition urged by the plaintiff that under common law a junior mortgagee, who is obliged to pay the senior mortgage in order to protect himself, is entitled to an assignment of the senior mortgage upon payment of the amount therein. In this matter the plaintiff is not obliged, in order to save her parcel from possible foreclosure, to pay the amount due on the entire tax lien. The defendant has offered to release that portion of the vacant land owned by the plaintiff from the lien of the defendant upon payment of the proportionate share of the transfer tax lien which plaintiff’s parcel bears to the whole, with interest thereon. Accordingly, plaintiff is granted judgment releasing that part or portion of her property from the transfer tax lien bearing No. 78680-A upon payment by plaintiff to the defendant of the proportionate share of the amount due which the plaintiff’s parcel bears to the entire parcel, together with interest. Should the parties encounter difficulty in computing the said proportionate share they may apply to the court for its assistance.