Samuel M. Gold, J.
This is an application made pursuant to the provisions of section 275 of the Beal Property Law. Two mortgages covering the property owned by the corporation were made to one Argereos Lambros and by mesne assignments were acquired by the respondent. The mortgages matured on March 4, 1962. Title to the mortgaged premises was taken by the corporation, and the interest therein is equally held by two persons, one of whom makes this application. Her authority to do so is challenged by the other party in interest, who, upon argument of this motion, and upon the movant’s consent, was granted leave to intervene, thus removing any objection of defect of party. The two parties in interest, it appears, also formed a partnership under the style of Sábelo Bealty at the time when the corporation was formed. It also appears that the mortgages in issue were, in fact, assigned by the moving-party in interest to the respondent and the proceeds thereof contributed to the enterprise, the still incomplete renovation of the acquired mortgaged properties. It is conceded that the corporation is not able to make tender of payment of the mortgages. Since incorporation, there has been no meeting of stockholders, certificates of stock have not been issued, no minutes were prepared, no board of directors or officers were elected. In all the circumstances, it appears that the business of the enterprise was not conducted through the corporate instrumentality, as between the parties in interest, and each of them is entitled to protect his interest in the property and to obtain the advantage of the provisions of section 275 of the Beal Property Law. Further, it appears that each party in interest did indeed demand from the respondent an assignment of the mortgages upon full payment, but the intervenor has not now made the demand and request that the respondent be required to assign to her nominee. The demand upon the respondent was first made by the moving party in interest.
The owner of the mortgaged property entitled to make demand upon the mortgage holder is a person having an interest in the property. As stated in Albany Sav. Bank v. Fairchild (276 App. Div. 297, 299): “ It (section 275 of the Beal Property Law) clearly provides for the execution and delivery by the owner and holder of a mortgage of an assignment of a mortgage which has become due and payable, after a demand therefor has been made and the full amount of principal and interest due has been tendered or paid, without any other consideration being taken into account.” The rule was followed in Esposito v. Santanella (140 N. Y. S. 2d 569) where the demand was made by one of two *330 persons holding an estate by the entirety. The application was granted despite the fact that in the meantime the other tenant made similar demand. (See, also, County Trust Co. v. Edmil Constr. Corp., 203 Misc. 208.) The motion is granted.