OPINION OF THE COURT
Gerald M. Klein, J.
Defendant is accused of violating section 6-8A (2) of the Town of Cortlandt Code requiring police and fire departments to report any false alarm to the Town Director of Code Enforcement within 24 hours of the incident. The Director is required to keep an annual record of such false alarms.
Subdivision 1 of section 6-8A requires mandatory fines as follows:
*693 "No. of False Alarms
Residential Commercial
"1 Warning $ 50.00
"2 $30.00 $100.00
"Each after 2 $30.00 $100.00”.
Subdivision (2) states that failure by the owner or lessee to pay the fine within 30 days of demand shall be a violation of section 6-12 of the Code which in turn provides for additional penalties of a fine not to exceed $250 or 15 days’ imprisonment or both.
Defendant, a commercial user, is accused of having false alarms on four separate occasions during December 1990 and January 1991 requiring $300 in mandatory fines which it refuses to pay.
Defendant moved to dismiss the charges on the grounds that the Code is unconstitutional as violative of due process (NY Const, art I, § 6 and US Const 14th Amend) and Equal Protection Clause (NY Const, art I, § 11 and US Const 14th Amend).
More specifically defendant argues that there is no provision in the Code for defendant to have a hearing prior to the initial determination of whether a reported alarm is false or not. The police or fire officials make their own ex parte determination. Defendant found itself before this court only because it refused to pay the mandatory fine.
In addition, defendant contends that subdivision (1) of section 6-8A penalizes residential and commercial violations differently without providing any rational basis for such differentiation.
This court finds that an alarm permit holder is deprived of the right to due process because the town can take away his property without affording him a hearing at which to contest the underlying issue of the falsity of the alarms. "Due process rights do require such a hearing before a person may be divested of a life, liberty or property interest”. (Commissioner of Labor of State of N. Y. v Hinman, 103 AD2d 886 [3d Dept 1984]; see also, Fuentes v Shevin, 407 US 67; Sniadach v Family Fin. Corp., 395 US 337.) A person has the right to be heard before such interests are taken away from him. (Goss v Lopez, 419 US 565, 579; People ex rel. Barone v Fox, 202 NY 616.) There is a right to due process before a civil penalty may be imposed. (Matter of Finkel, Nadler & Goldstein [Levine], 46 AD2d 196, appeal dismissed 37 NY2d 740.)
*694 The second argument of defendant relates to equal protection.
The Equal Protection Clause prohibits classifications which are arbitrarily employed to burden a particular group. (People v Liberta, 64 NY2d 152 [1984], cert denied 471 US 1020; Fagan v Axelrod, 146 Misc 2d 286 [Sup Ct, Albany County 1990]; People v Rodriguez, 101 Misc 2d 536 [Sup Ct, Kings County 1979].)
The Equal Protection Clause requires that persons similarly situated be treated equally unless there exists a valid reason for differentiating between them. (Matter of Fleetwood Acres v National Life Ins. Co., 186 Misc 299 [Sup Ct, Westchester County 1945], affd 270 App Div 1050; Matter of De Castro v Ortiz, 119 Misc 2d 777 [Sup Ct, NY County 1982].)
The town has provided no reason or rational basis upon which to distinguish between residential and commercial false alarms. This omission contravenes the Equal Protection Clauses of the NY and US Constitutions.
For all of the foregoing reasons the motion to dismiss is granted.