JACK KARP, Plaintiff, v. TWENTY THREE THIRTY RYER CORP., et al., Defendants.

Supreme Court, Special Term, Bronx County, July 23, 1945.

*Joseph J. Einhorn* for plaintiff.

*Robert M. Williamson* and *Allin, Riggs & Shaughnessy* for defendants.

EDER, J. This is an application to review a ruling disallowing an item of $150 which plaintiff sought to tax as extra costs under section 1512 of the Civil Practice Act, claiming that the action was one to compel the determination of a claim to real property, which he was authorized to institute under the provisions of article 15 of the Real Property Law. Subdivision 1 of section 500 thereof authorizes such a suit to be brought where a person claims an estate or interest in real property and seeks to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make.

Defendant Twenty Three Thirty Ryer Corp. as vendor, and plaintiff as purchaser, entered into a written contract whereby said defendant agreed to sell to plaintiff and he agreed to buy the real property therein described. Title was not conveyed to plaintiff and this action resulted.

The complaint contains two causes of action; the first is against the vendor only and is for specific performance; the second is against all the defendants. This latter cause of action alleges the making of the contract and the failure of the vendor to perform; it sets forth the various alleged adverse claims or interests of the defendants; there is also the allegation that this cause of action is brought pursuant to said article 15 to compel the determination of a claim to real property; there is also the averment that by virtue of the contract and of the action for specific performance plaintiff acquired and holds an estate and interest in the premises and is therefore entitled to maintain the action pursuant to article 15.

It is undisputed that under section 1512 of the Act, plaintiff is not entitled to recover extra costs upon the suit for specific performance because it is not referred to therein (see *Brisach* v. *Vosseler*, 111 Misc. 424); as to the second cause of action which is asserted by plaintiff to be one to compel the determination of a claim to real property, extra costs are recoverable, it being expressly mentioned in section 1512.

The taxation clerk, in excluding the item of $150 as extra costs, was of the view that upon the facts set out in the second cause of action it was not one contemplated by article 15 or coming within its purview, and the correctness of his decision is challenged.

A suit for specific performance is an equitable remedy whereby the court by its decree compels a party to do precisely what he ought to have done without being coerced by it (*Rindge* v. *Baker*, 57 N. Y. 209, 214). Upon failure of the vendor to perform, the purchaser as vendee thereupon acquires a right to sue for specific performance; such a suit is a chose in action (*Realty Co.* v. *Donaldson*, 294 F. 541, 543, affd. 268 U. S. 398; *Shoecraft* v. *Bloxham*, 124 U. S. 730); plaintiff acquired the right to take advantage of this chose in action by reason of the vendor's breach, but such acquisition and suit thereon do not constitute either an estate or an interest in real property (*Fowler* v. *Coates*, 201 N. Y. 257, 263).

The vendee of a contract for the purchase of real estate does not have the title to the property but is in equity considered as the owner; the second cause of action is in its nature one to quiet plaintiff's equitable title to the property and to remove any cloud thereon; generally the proper party to bring such an action is the one holding the legal title or interest, but it is also held that as such an action is an equitable one, an equitable title is enough to sustain it (*Lounsbury* v. *Purdy*, 18 N. Y. 515, 520; *Coel* v. *Glos*, 232 Ill. 142).

Before statutory provision was made therefor, such relief was obtained through the bill of peace and the bill *quia timet;* article 15 of the Real Property Law has codified these remedies. The second cause of action was therefore one to compel the determination of a claim to real property, and thus comes within the purview of article 15, and entitled the plaintiff to extra costs under section 1512 of the Civil Practice Act.

The estate and interest which plaintiff acquired and holds in the real property and which entitled him to prosecute the second cause of action was not acquired by virtue of the action for specific performance, but was acquired only by virtue of

the contract of purchase and sale (*Shoecraft* v. *Bloxham, supra,* p. 735).

If plaintiff's claim to recover extra costs under section 1512 was predicated solely on the contention that he acquired an estate and interest by virtue of the action for specific performance, I would unhesitatingly affirm the ruling of the taxation clerk disallowing the item for extra costs and deny this application; but as such estate and interest in the property are claimed to have been also acquired by virtue of the contract, the plaintiff by reason thereof and its resulting legal effect (*Shoecraft* case, *supra*) attained a status which entitled him to maintain the second cause of action pursuant to the provisions of article 15; and having recovered judgment thereon plaintiff thereupon became entitled to the extra costs sought under section 1512 of the Civil Practice Act. It is for this latter reason only that the ruling of the taxation clerk is held to be erroneous and is reversed.

The motion is accordingly granted, and the item of $150 as extra costs is allowed. Settle order on one day's notice, returnable not later than July 28th.