ADDIE L. STICKLER, Appellant, v. WILLIAM P. RYAN et al., Respondents.— Appeal from an order and judgment dismissing the complaint. We agree that the complaint fails to state a cause of action under article 15 of the Real Property Law, such being one of the grounds of the complaint's dismissal at Special Term. Plaintiff's ownership of an undivided one half of the purchase-money mortgage does not constitute her one who may be said to have or claim an estate or interest in real property within the meaning of section 500 of that statute. A real estate mortgage is wholly personal property. It is not a chattel real, nor does it create any estate or interest in real property. It is a mere chose in action, held as collateral security for the payment of a debt. Until foreclosure, as between the parties the mortgagor has the entire fee subject to the lien of the pledge. (*Trustees of Union College* v. *Wheeler*, 61 N. Y. 88; *Matter of Albrecht*, 136 N. Y. 91; *Becker* v. *McCrea*, 193 N. Y. 423, and cases cited; *Prudence Co.* v. *160 W. 73d St. Corp.*, 260 N. Y. 205.) However, it is our opinion that by her second cause of action plaintiff pleads facts sufficient to entitle her to a judgment establishing her rightful ownership of an undivided one half of the purchase-money mortgage which her former husband caused to be discharged of record without her knowledge or consent. The mortgage was executed to them without any characterization of the quality of their ownership. Thus no joint tenancy resulted, but instead their ownership was as tenants in common. (Real Property Law, § 66; *Matter of Albrecht*, 136 N. Y. 91, *supra; Matter of Blumenthal*, 236 N. Y. 448.) The defense of the Statute of Limitations does not avail since the action is not upon the mortgage. Judgment and order modified so as to be applicable only to the first cause of action alleged in the complaint, and as modified, affirmed, with costs to appellant. All concur. [See 271 App. Div. 757.]

ROSE NISSENBAUM, as Administratrix of the Estate of MORRIS NISSENBAUM, Deceased, Appellant, v. SOCONY-VACUUM OIL COMPANY, INC., Respondent.— Appeal by plaintiff from a judgment for defendant after a unanimous verdict of no cause of action in a negligence case. The record justified the verdict. Judgment affirmed, without costs. All concur.