Solomon **FRIED**, Plaintiff,

v.

**NEW YORK LIFE INSURANCE COMPANY and United States of America, Defendants.**

Civ. 14518.

United States District Court
E. D. New York.

Sept. 22, 1954.

---

15. Wesson v. United States, supra.

Morris K. Siegel, Brooklyn, N. Y., for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Elliott Kahaner, Brooklyn, N. Y., for United States.

Lee M. Gammill, New York City, for New York Life Ins. Co.

RAYFIEL, Judge.

There are two motions before the Court. The defendant, United States of America, has moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint on the ground that the court is without jurisdiction, since there is no statutory provision by which this defendant consents to be sued under a claim such as is the subject matter of this action.

The plaintiff has moved for summary judgment, pursuant to Rule 56, F.R.C.P.

This action was commenced in the Municipal Court of the City of New York against the defendant, New York Life Insurance Company, to recover the sum of $1750 claimed to be due under the terms of certain insurance policies issued by it. The said defendant moved in the Municipal Court, to add the United States of America as a party defendant, on the ground that it had filed with the said defendant a claim on the disability benefits which were the subject matter of the action, by virtue of a lien for unpaid income taxes due it from the plaintiff. The motion was granted and a supplemental summons was served on the United States of America. Thereafter, the defendant, United States of America, filed a petition to remove the action to this court where it is now pending.

█ The defendant, New York Life Insurance Company, concedes its liability under the policies, but contends that if it makes payments to the plaintiff thereunder it may be obliged to pay that amount a second time if the claim of the defendant, United States of America, should be sustained. It asks, therefore, that this court adjudicate the rights and the obligations of all the parties involved. It contends that its action is to quiet title to the funds involved herein, pursuant to section 2410(a) of Title 28, U.S.C.

That section reads as follows: "Actions affecting property on which United States has lien.

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, including the District Court for the Territory of Alaska, or in any State court having jurisdiction of the subject matter, *to quiet title to* or for the foreclosure of a mortgage or other lien upon *real or personal property on which the United States has or claims a mortgage or other lien.*" (Emphasis added.)

If this is an action to quiet title the defendant, United States of America, has, by this section consented to be sued, and the cases cited by the Government are inapposite.

In the case of Rosenberg v. Paul Tishman Co., Sup., 118 N.Y.S.2d 337, the facts in which are almost identical with those in the case at bar, Mr. Justice Walter Hart, of the New York State Supreme Court, said, at page 339, "Defendant, however, under the circumstances here presented, is a stakeholder and should not be subjected to double litigation and liability for the same debt. The court, therefore, concludes that defendant should be afforded an opportunity to proceed under section 287 of the Civil Practice Act and to bring in as a party defendant the United States Government, which claims a lien on the funds in defendant's hands (for procedure see 11 Carmody's New York Practice, 650 et seq.). This, defendant may do pursuant to *title 28 U.S.C.A. § 2410.*" (Italics ours.)

In that case (Civil number 13169 in this court) the Government was joined as a party, it removed the case to this court, it appeared and answered, and partial summary judgment was granted, so that the Government must have felt that section 2410 of Title 28, U.S.C. was applicable.

In the instant case, the oral complaint stated on the supplemental summons which was served on the United States of America in the Municipal Court action, is vague and indefinite, and I am unable to determine from it whether this is such an action as is contemplated in section 2410(a) of Title 28, U.S.Code.

Accordingly, the defendant, New York Life Insurance Company, will be permitted to serve and file a formal supplemental complaint, setting forth its position respecting the matters involved herein. In view of the foregoing decision the Government's motion is denied, without prejudice, however, to the renewal thereof after the service and filing of the supplemental complaint.

The plaintiff's motion for summary judgment is likewise denied, without prejudice to the renewal thereof after the service of the supplemental complaint hereinabove provided for.