Solomon **FRIED**, Plaintiff,

v.

**UNITED STATES** of America and New York Life Insurance Company, Defendants.

Civ. No. 14838.

United States District Court E. D. New York.

March 7, 1956.

Siegel & Crowe, New York City, Morris K. Siegel, New York City, of counsel, for plaintiff.

Harry J. McCallion, New York City, for defendant New York Life Insurance Co., by Harry F. X. Hammer, New York City, of counsel, for the motion.

RAYFIEL, District Judge.

The New York Life Insurance Company has moved for an order (1) staying, except in this action, any and all further proceedings against it by Solomon Fried relating to the subject matter of this action; (2) consolidating with this already-consolidated action (Civil No. 14838) the action pending in this Court wherein the United States of America is plaintiff and Solomon Fried and New York Life Insurance Company are defendants (Civil No. 15371); (3) providing for the payment into the Registry of this Court by New York Life Insurance Company of the future disability income benefits which may become due under certain policies of insurance on the life of Solomon Fried; (4) discharging New York Life Insurance Company from any and all liability to said Solomon Fried to the extent of such disability income benefits as may be paid into the Registry of this Court pursuant to the order to be entered hereon or any future order of this Court.

On the argument of the motion requests marked (1) and (2) were withdrawn.

There is an extensive background of litigation involving the parties herein. On February 21, 1952, the Director of Internal Revenue filed with the New York Life Insurance Company notices of income tax liens on the proceeds of eight policies which it had issued on the life of Solomon Fried in the aggregate face amount of $50,000. Six of the policies provided for benefits payable upon proof of total and permanent disability, five of them providing for monthly benefit payments.

On November 2, 1953, the said Fried became totally disabled, and served notice to that effect on the New York Life Insurance Company. He demanded payment during his lifetime and his continuous disability of the benefits of $250 per month payable under said policies. The Insurance Company refused to make said payments because of the filing of the aforementioned notices of lien by the Government.

On May 20, 1954, Fried commenced an action in the Municipal Court of the City of New York against the New York Life Insurance Company to recover the disability benefits which had then accrued. On motion of the Insurance Company the United States of America was joined as a party, and thereafter the action was removed to this Court. This was Civil Action No. 14518. Subsequently the Government commenced an action in this Court against the New York Life Insurance Company (Civil Action No. 14838) to recover the disability benefits which had then accrued under the policies. On motion of the Insurance Company Fried was joined as a party to this action, which was then consolidated with Civil Action No. 14518, Fried being designated as plaintiff in said consolidated action; and the United States of America and New York Life Insurance Company as defendants. Fried then served and filed an amended complaint in the consolidated action.

A motion for summary judgment was made by the plaintiff, and cross-motions were made by the Government (1) to dismiss the amended complaint because of lack of jurisdiction, and (2) for summary judgment on its cross-claim against Fried. Chief Judge Inch granted Fried's motion for summary judgment and denied the Government's motions. The Government filed a notice of appeal from Judge Inch's order; this appeal is pending.

In the meantime additional disability benefit payments had accrued, and on January 5, 1956, Fried commenced an action for the recovery thereof against New York Life Insurance Company in the Municipal Court of the City of New York, Borough of Brooklyn, First District. It is because of the commencement of the last-mentioned action that

the New York Life Insurance Company made this motion, contending, as it does, that the funds claimed by Fried therein are the subject matter of the consolidated action hereinabove referred to, and further, that if it should be required, as a result of the Municipal Court action, to pay the said funds to Fried, it may, if Judge Inch's order should be reversed, be obliged to pay them to the Government, too. To obviate such an eventuality it moves here for leave to deposit the disability benefits which have accrued under said policies since Judge Inch's order, and the payments which will accrue each month hereafter, into the Registry of this Court, and asks that upon such deposit it be relieved of its liability to Fried therefor.

Fried contends that this Court has no authority to pass upon this motion. He argues that when judgment was entered in his favor, pursuant to the order of Judge Inch, the consolidated action was terminated, and this Court no longer had jurisdiction over the funds or the parties involved. That contention is hardly reconcilable with a number of the allegations in his amended complaint, filed in the consolidated action. Paragraph 17 thereof alleges as follows:

"17. By reason of the foregoing, there is due and owing from defendant, New York Life Insurance Company, to plaintiff under said Policy No. 8 232 096 the sum of $650.00 as of February 4, 1955, *and an additional sum of $50.00 per month will be due thereunder for each additional month of continuous total disability on the part of the plaintiff.*" (Emphasis added).

The language of paragraphs 18, 19, 20 and 21, except for the amounts and policy numbers involved, is similar.

Paragraph 24 alleges as follows:

"24. Plaintiff is entitled in and to all disability benefits accruing under said policies of life insurance issued by defendant, New York Life Insurance Company, on the life of plaintiff, and defendant United States of America is not entitled to any interest therein."

Paragraph marked "IV" of the prayer for relief therein demands judgment "against both defendants herein, declaring that *all benefits accruing* by reason of said policies described herein are payable solely to plaintiff, Solomon Fried, or his beneficiaries, successors or assigns, and that defendant, United States of America has no valid interest in and to such benefits whatsoever, by reason of any income tax liability heretofore or hereafter claimed against said plaintiff." (Emphasis added).

It is apparent from the foregoing excerpts from said amended complaint in the consolidated action that Fried's cause of action was meant to include not only the disability benefits which accrued to the date of the entry of judgment, but also all *subsequently* accruing benefits.

Further, Fried cannot be prejudiced by the payment into the Registry of this Court of the disability benefits which have already accrued since the entry of judgment in the consolidated action, and the disability benefits which will accrue each month hereafter, since, if Judge Inch's decision should be affirmed, he will be entitled to receive them without being required to commence a number of state court actions. If, however, Judge Inch's decision should be reversed the Insurance Company might be obliged to pay the proceeds of the policy to both Fried and the Government.

Accordingly, the motion is granted, and the New York Life Insurance Company is directed to pay into the Registry of this Court all disability payments which have accrued to date under the aforementioned policies, and all future payments thereunder, as and when they shall accrue, all such deposits to be subject to the further order of this Court as to the disposition thereof. Upon such deposit the New York Life Insurance Company shall be discharged from any further liability for the payment thereof.