**Louise K. HERTER, Plaintiff,**

v.

**HELMSLEY–SPEAR, Inc., Defendant.**

**HELMSLEY–SPEAR, Inc., Defendant and Interpleading Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
March 14, 1957.

Neilson Olcott, New York City, for plaintiff.

Sherpick, Regan & Davis, New York City, for defendant and interpleading plaintiff.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, for defendant U. S. of America, William Stackpole, Asst. U. S. Atty., New York City, of counsel.

BICKS, District Judge.

Louise K. Herter, devisee under the Will of her deceased husband of an undivided interest in certain premises located in Manhattan Borough, New York City, brought suit in the New York Supreme Court against Helmsley-Spear, Inc., managing agent of said premises, to recover the portion of the net rentals and profits therefrom allocable to her share or interest. Helmsley-Spear, purporting to proceed in conformity with § 285, New York Civil Practice Act, served an interpleading complaint upon the United States of America alleging, *inter alia*, that, (1) it has been served by the United States through the District Director of Internal Revenue for the Upper Manhattan District, New York, New York, with notice of lien and notices of levy for estate taxes claimed to be due from the "Estate of Clarence S. Herter, Louise K. Herter, Executrix * * *", (2) Louise K. Herter claims that the assessment and levy are of no legal effect as to the net proceeds in the hands of Helmsley-Spear and that Helmsley-Spear is obligated to pay the same to her in her individual capacity, (3) in view of the notices of levy served upon it, Helmsley-Spear has not paid to Louise K. Herter the amount payable in respect of the Herter interest in the property, but instead has deposited the same in a separate bank account appropriately ear-marked, (4) it admits owing the amount claimed either to Louise K. Herter or the United States and makes no claim thereto or to any part thereof, (5) it is ignorant of the respective rights of Louise K. Herter and the United States, and in view of the

conflicting claims cannot determine, without hazard to itself, to whom payment should be made, (6) it is ready and willing and offers to pay the fund to whomsoever the Court shall adjudge is entitled thereto. The action was removed to this Court on application of the United States pursuant to § 1444, Title 28, U.S. C.A.

*Sub judice* are two motions by the United States, one to dismiss the interpleading complaint against it on the ground that the United States has not consented to be sued in an action of the nature asserted against it here, and the other for leave to intervene as a party plaintiff under Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Disposition of the first motion requires consideration of the basis of the claim for relief set forth in the interpleading complaint. Helmsley-Spear argues it is grounded on § 2410(a), Title 28 U.S.C.A., which provides: " * * * the United States may be named a party in any civil action or suit in any district court, * * * or in any State court having jurisdiction of the subject matter, to quiet title to * * * personal property on which the United States has or claims a * * * lien."

▮▮▮ Prior to statutory enactment, a party seeking to quiet title did so through the bill of peace and the bill quia timet. But only one having a legal or equitable right to establish and perpetuate could petition for such relief. See Story, Equity Jurisprudence §§ 1142–1143, 1173 (14th ed. 1918); 1 Pomeroy, Equity Jurisprudence §§ 245–250 (5th ed. 1941). Compare Boston & Montana Consol. Copper & Silver Mining Co. v. Montana Ore Purchasing Co., 1903, 188 U.S. 632, 641, 23 S.Ct. 434, 47 L.Ed. 626. Article 15 of the New York Real Property Law, McK.Consol.Laws, c. 50, § 500 et seq., which codified these remedies provides: "* * * a person [who] claims an estate or interest in real property * * * may maintain an action against any other person * * * to compel the determination of any claim adverse to that of the plaintiff * * *",

§ 500, subdiv. 1. Generally, the proper party to bring such an action is the one holding the legal title or interest. It has been held, however, that an equitable title is sufficient to sustain it. Karp v. Twenty Three Thirty Ryer Corporation, 1945, 185 Misc. 440, 56 N.Y.S.2d 783, affirmed mem., 1st Dep't 1946, 270 App. Div. 758, 59 N.Y.S.2d 919. Ownership of an interest in a purchase money mortgage does not authorize maintenance of an action to compel the determination of a claim to the real property since it does not constitute a claim or interest in the real property subject to the mortgage within the meaning of Section 500. See Stickler v. Ryan, 3rd Dep't 1946, 270 App.Div. 962, 61 N.Y.S.2d 708, *motion for leave to appeal to Court of Appeals dismissed,* 1946, 296 N.Y. 735, 70 N.E. 2d 545.

█ Helmsley-Spear does not make any claim to the fund in its possession and cannot maintain an action to quiet title thereto. Its reliance upon § 2410 as authority to sue the United States is therefore misplaced.

▪ █ Section 1335, Title 28 conferring jurisdiction upon the district court of civil actions of interpleader does not enlarge the jurisdiction of the courts to entertain suits against the United States. See United States v. Dry Dock Savings Institution, 2 Cir., 1945, 149 F.2d 917.

Jones v. Tower Production Co., 10 Cir., 1943, 138 F.2d 675; Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674 and National Iron Bank v. Manning, D.C.N.J.1948, 76 F.Supp. 841 urged by Helmsley-Spear are inapposite in that in each of said cases the person at whose instance the United States was made a party asserted a claim to the subject matter of the controversy. John A. Johnson & Sons, Inc., v. National City Bank of New York, Sup.1954, 129 N.Y.S.2d 86 may be distinguished on like grounds. The bank which sought to interplead the United States asserted a claim to the fund in its hands to the extent of the interest therein, if any, of one of the interpleaded defendants. Agricultural Ins. Co. v. The Lido of Worcester, D.C.Mass.1945, 63

F.Supp. 799, 802 does not lend support to Helmsley-Spear's contentions. In that case four insurance companies had adjusted a fire loss and were ready to make payment either to their assured or to the Collector of Internal Revenue who had caused a notice of tax lien against the assured to be duly recorded. In refusing to grant plaintiff's request to interplead the Collector of Internal Revenue, the Court held that it had no jurisdiction under the interpleader statute since there was lacking an allegation that the Commissioner was a citizen of a state other than Massachusetts. The statement that "in the suit pending in the state court, all parties joined in the instant bill may be impleaded in that suit under the state law * * *" obviously cannot refer to a congressional consent to the suability of the United States. Rosenberg v. Paul Tishman Co., Sup.1952, 118 N.Y.S.2d 337, 339, was a suit against a general contractor for an unpaid balance due a subcontractor. One of the defenses pleaded by the general contractor was that it had been served with a notice of levy by the United States Treasury Department. Plaintiff's motion for summary judgment was denied on the ground that the defendant was a stakeholder and should not be subjected to double litigation and double liability for the same debt. The learned Special Term Judge concluded that the defendant should be afforded an opportunity to bring in as a party defendant the United States. He then proceeded to state "[t]his, defendant may do pursuant to title 28, section 2410, of the United States Code." However, the United States was not before the Court in that case and it does not appear that United States v. Dry Dock Savings Institution, supra, had been called to its attention.

Helmsley-Spear argues that Fried v. New York Life Insurance Co., D.C.E.D. N.Y.1954, 124 F.Supp. 345, subsequent decision sub nom Fried v. United States, D.C.E.D.N.Y.1956, 141 F.Supp. 385, is directly in point and sustains its position. In that case Fried, having be-

come entitled to disability benefits under policies of insurance issued by the New York Life Insurance Co., brought suit in the New York State Supreme Court. The insurance company sought to have the United States joined as a necessary party because notices of levy had been served upon it. This was done and the suit was then removed to the United States District Court. In the meantime the insurance company also declined to turn over any of the disability payments to the government and the United States sued it under 26 U.S.C.A. § 3710 for non-compliance with the levy and demand. Fried was then joined as a defendant in this second suit. The two suits were consolidated and the insurance company paid into court the disability payments that had accrued. Fried and the United States each moved for summary judgment. The government's contention that the court lacked jurisdiction was overruled, the District Judge stating that the United States "did not object to the application for consolidation of said actions and waived notice of settlement of the order consolidating said actions, which was made for the specific purposes of avoiding the technical objection to the Court's jurisdiction of said defendant and of disposing of said issue of jurisdiction and leaving the sole issue as to whether plaintiff, Solomon Fried, or defendant, United States of America, is entitled to said proceeds. This motion completely ignores the substance and spirit of the order of consolidation, in that it is based on the assumed continued separate existence of the actions which have been consolidated by said order, and violates the specific purposes of said order, in that it attempts to raise said objection and attempts to create said issue of jurisdiction."[1] Fried's motion for summary judgment was granted; the Government's application for summary judgment was denied. On appeal the only question presented was whether the income tax lien attached to the disability payments. The Court of Appeals re-versed the judgment below and directed that judgment be entered for the United States. Fried v. New York Life Ins. Co., 2 Cir., 241 F.2d 504. It is patent that the District Court felt that "the technical objection to the court's jurisdiction" had been avoided and did not attempt to pass on that objection on the merits. The case reached the Court of Appeals in this posture where the question was neither presented nor considered.

The holding in Lemar Paint Products Co., Inc., v. Di Miceli, 1956, 3 Misc.2d 705, 155 N.Y.S.2d 534, supports the position of the interpleading plaintiff. With due deference I feel it is contrary to the controlling precedents.

■ The Government's removal of the action to this Court pursuant to § 1444, Title 28 U.S.C.A. is not tantamount to a consent to be sued nor a waiver of its objection to the jurisdiction of this court. State of Minnesota v. United States, 1939, 305 U.S. 382, 59 S. Ct. 292, 83 L.Ed. 235.

■ Referring disparagingly to the Government's objection as technical does not dispose of it. As the Supreme Court stated in United States v. Sherwood, 1941, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058: "The United States, as sovereign, is immune from suit save as it consents to be sued, * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." and at page 591 of 312 U.S., at page 769 of 61 S.Ct. "The matter is not one of procedure but of jurisdiction whose limits are marked by the Government's consent to be sued."

■ The Government's motion to dismiss the interpleading complaint is granted. Its unopposed motion to intervene as a party plaintiff under Rule 24(b) of the Rules of Civil Procedure is also granted. The issues between Mrs. Herter and the United States will thus be litigated and determined in a single action and Helmsley-Spear will be relieved of the risks flowing from compliance with a judgment not binding on

1. Opinion of Chief Judge Inch, D.C., 150 F.Supp. 486.

both claimants to the fund in its hands—albeit it may not qualify for the benefits set out in the last paragraph of subdivision 7, section 285, New York Civil Practice Act.