■ DAVID W. JOHNSON, as Trustee for STANLEY M. JOHNSON and Others, et al., Respondents, v AUGSBURY ORGANIZATION, INC., Defendant, and LARRY RATHE et al., Appellants.—Yesawich, Jr., J. Appeal from an order and judgment of the Supreme Court (Plumadore, J.), entered December 9, 1989 in Franklin County, which, *inter alia,* in an action pursuant to RPAPL article 15, granted plaintiffs' motion for summary judgment and determined that defendants had no interest in certain property located in the Village of Tupper Lake.

Plaintiffs hold mortgages on real property located on Lake Street in the Village of Tupper Lake, Franklin County. Tupper Lake Supply, Inc. had previously conveyed this property to Keith Lawrence and Kathleen Lawrence, who purchased the property subject to a mortgage subsequently assigned to plaintiffs Joan Ann Delair, Stanley M. Johnson, Marjorie A. Johnson, William C. Johnson, Jr., and Jane O. Johnson. Additionally, the Lawrences obtained a second mortgage on the property from Daniel Dattola and plaintiffs James P. Dattola and Ricky J. Dattola.

In 1986, judgments obtained by defendants against Daniel Dattola were entered in the County Clerk's office. Shortly thereafter, Daniel Dattola assigned his mortgage interest to James Dattola and Ricky Dattola.

When their business failed, the Lawrences conveyed their

interest in the property to plaintiff David W. Johnson, as trustee for the holders of the first and second mortgages as their mortgage interests may appear. Then, in an effort to prevent defendants from asserting any claim to the subject real property, David Johnson, as trustee for the mortgagees and the mortgagees individually, commenced this RPAPL article 15 action and moved for summary judgment. Defendants countered, arguing that their interest in the mortgage, assertedly fraudulently conveyed by Daniel Dattola, should not be summarily extinguished without the benefit of discovery to determine whether his transfer of his one-third mortgage interest to Ricky Dattola and James Dattola constituted a fraudulent conveyance in violation of Debtor and Creditor Law §§ 273, 273-a, 275 and 276. Supreme Court disagreed and determined that because the judgments were liens on personal indebtedness, defendants held no RPAPL article 15 interest in the subject realty. And even accepting, for purposes of this argument, defendants' claim that Daniel Dattola fraudulently assigned his mortgage interest, we agree.

A lien is nothing more than a right or claim against a property interest (see, Black's Law Dictionary 922 [5th ed 1990]). Entering a money judgment creates a lien on any real property of the judgment debtor (CPLR 5203). A real estate mortgage is collateral security for the payment of a debt; it is personal property, not real property. Mortgages convey no title. They "giv[e] rise only to a lien upon the land" (3A Warren's Weed, New York Real Property, Mortgages, § 1.08 [4th ed 1987]). For this reason, defendants' lien on Daniel Dattola's mortgage interest is simply a lien on a lien and is insufficient to create an interest or estate in the mortgaged real property (see, Stickler v Ryan, 270 App Div 962, lv dismissed 296 NY 735).

Order and judgment affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.