Matter of Amos Fin., LLC v Noya 23, LLC (2021 NY Slip Op 04221)





Matter of Amos Fin., LLC v Noya 23, LLC


2021 NY Slip Op 04221


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-04723
 (Index No. 518276/17)

[*1]In the Matter of Amos Financial, LLC, appellant,
v
Noya 23, LLC, et al., respondents-respondents, et al., respondents.


Law Offices of Suzanne M. Carter LLC (Port and Sava, Lynbrook, NY [George S. Sava and Sharad Samy], of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson of counsel), for respondents-respondents Noya 23, LLC, and Square Table, Inc.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent-respondent Gennadiy Shimonov.
Forchelli Deegan Terrana LLP, Uniondale, NY (Gregory S. Lisi and Lisa M. Casa of counsel), for respondent-respondent Roi Yosef.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR 5236 to authorize the Sheriff of Kings County to seize and sell certain real property, the petitioner appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated March 22, 2018. The order granted the motion of Noya 23, LLC, and Square Table, Inc., pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against them and to cancel the notice of pendency, and the separate motions of Sema Felix Ngati, Gennadiy Shimonov, and Roi Yosef pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of Noya 23, LLC, and Square Table, Inc., which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to Gennadiy Shimonov and Roi Yosef payable by the petitioner.
The Supreme Court properly directed dismissal of the second cause of action, which was based upon RPAPL article 15, insofar as asserted against Noya 23, LLC (hereinafter Noya), and Square Table, Inc. (hereinafter Square Table), since the petitioner did not have an "estate" or "interest" in the subject property (see RPAPL 1501; Johnson v Augsbury Org., 167 AD2d 783; Stickler v Ryan, 270 App Div 962, 962; Weinstein v Taylor, 234 NYS2d 926 [Sup Ct, Nassau County], affd 19 AD2d 778).
The Supreme Court also properly directed dismissal of the third cause of action, which alleged conspiracy to commit fraud, insofar as asserted against Noya, Sema Felix Ngati, [*2]Gennadiy Shimonov, and Roi Yosef, since the petitioner failed to allege the necessary elements of reliance and injury (see Ozelkan v Tyree Bros. Envtl. Servs., Inc., 29 AD3d 877, 879).
The Supreme Court also properly directed dismissal of the fourth cause of action, which alleged unjust enrichment, insofar as asserted against Noya and Yosef, since the petitioner merely alleged, in a conclusory fashion, that Noya and Yosef were unjustly enriched to the petitioner's detriment (see Goel v Ramachandran, 111 AD3d 783, 792), and failed to allege any relationship between the petitioner and those respondents (see Financial Assistance, Inc. v Graham, 191 AD3d 952, 956).
However, the Supreme Court should not have directed dismissal of the first cause of action, which alleged that the petitioner's judgment lien had priority over a subsequent conveyance (see CPLR 5203[a]), insofar as asserted against Noya and Square Table. Contrary to the contention of Noya and Square Table, CPLR 5203(a)(2) does not apply to the facts of this case.
The petitioner's remaining contentions are without merit.
DUFFY, J.P., BARROS, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court