**WILDENSTEIN & CO., Inc., Plaintiff,**

v.

**Rhoda GILBERT and Day & Meyer, Murray & Young Corp., Defendants.**

**DAY & MEYER, MURRAY & YOUNG CORP., Interpleading Plaintiff,**

v.

**John J. McCLOSKEY, Sheriff of the City of New York, Newhouse Galleries, Inc., E. L. Bruce Co. (Incorporated), United States of America, Wildenstein & Co., Inc. and Edward M. Gilbert, Interpleading Defendants.**

United States District Court
S. D. New York.

Nov. 8, 1962.

Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiff.

Duke & Landis, New York City, for Day & Meyer, Murray & Young Corp., defendant and interpleading plaintiff.

Isidor E. Schlesinger, New York City, for defendant Rhoda Gilbert.

Sidney Posner, New York City, for defendant John J. McCloskey, Sheriff of City of New York.

Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, New York City, for interpleading defendant E. L. Bruce Co. (incorporated).

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for interpleading defendant United States.

Lyman Stansky, New York City, for interpleading defendant Newhouse Galleries, Inc.

THOMAS F. MURPHY, District Judge.

The government, relying on § 1444 of Title 28, U.S.C., removed this case from the Supreme Court of the State of New York and now moves to dismiss itself as a party defendant; for permission to intervene as a party plaintiff and for an order enjoining the interpleaded defendant, Newhouse Galleries, Inc., from proceeding in any other action but this one.

The Supreme Court action had its beginnings in the sudden departure for Brazil of one Edward M. Gilbert who left behind him a host of unsatisfied claims.

First: Wildenstein & Co., Inc., commenced an action in replevin against Rhoda Gilbert, the wife of Edward Gilbert, and Day & Meyer, Murray & Young Corp., a warehouseman, for the immediate return of three paintings valued at $190,000 alleged to have been loaned to the Gilberts "on approval."

Second: Day & Meyer, Murray & Young Corp., the warehouseman, consid-

ering itself a stakeholder, interposed an interpleading complaint alleging in substance that Rhoda Gilbert on two different occasions had placed in storage with it certain described paintings including the three claimed by Wildenstein. It then alleged that each of the interpleaded defendants claimed some right or title or lien on some or all of the paintings and asked, since it had no interest in the paintings, leave to deposit the paintings into court or to dispose of them as the court directed.

Relying on § 2410(a) of Title 28, U.S.C., the stakeholder named the United States as one of the parties defendant because it had been served with a notice of lien for unpaid income taxes by the Gilberts in the sum of $3,336,-966.79.

All parties, except the United States, are residents of New York. Wildenstein, Day & Meyer, etc., Newhouse Galleries, Inc., E. L. Bruce Co., all oppose the government's motion and asked that the action be remanded. We agree and so order.

Section 2410(a), the authority relied upon by the stakeholder for naming the United States as a party defendant in its interpleader complaint in the state court, reads as follows:

"Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

Judge Bicks in Herter v. Helmsley-Spear, Inc., 149 F.Supp. 713 (S.D.N.Y., 1957) reviewed the controlling authorities and found that a stakeholder in bringing an action for interpleader was not bringing an action to quiet title and accordingly had no right

to interplead the United States as a party defendant. We agree. And as pointed out by Mr. Justice Brandeis in Minnesota v. United States, 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235: "Where jurisdiction has not been conferred by Congress, no officer of the United States has power to give to any court jurisdiction of a suit against the United States. * * * Where the state court lacks jurisdiction of the subject matter or of the parties the federal court acquires none * * *."

Oddly enough the government agrees with this position and it is the basis on which it asks that the interpleading complaint against it be dismissed. However, it does not make this motion as its first motion but rather first moves for leave to intervene pursuant to Rule 24 (b) of the Rules of Civil Procedure and relies again on Herter v. Helmsley-Spear, Inc., supra, in which Judge Bicks did exactly that after dismissing the United States as a party defendant, but there was no opposition to that motion. In any event we fail to understand how it was possible there or here to grant the relief since the action was and is in this court illegally. If the United States was not a proper party defendant in the state court the mere fact that it removed the case to this court would not give this court jurisdiction. Minnesota v. United States, supra.

The government also relies on Gordon v. Feldman, 152 F.Supp. 257 (S.D.N.Y., 1957). In that case the United States was made an impleaded party defendant in the state court action and Judge Levet refused to remand. He does not seem to have considered the problem that we were faced with and concluded that since the moving party interpleaded the United States it could not complain of the removal. It might be that in that case the United States was properly impleaded as a party defendant pursuant to § 2410(a) since the interpleading plaintiff was bringing an action to quiet title to a number of different assignments. In any event we are satisfied that in the instant case

there just was no authority to interplead the defendant United States since the stakeholder was not bringing an action to quiet title or to foreclose a lien but rather, finding himself in the middle of a dispute among many claimants to the paintings it had in storage it wanted only to deliver them to the court and be relieved from further vexatious lawsuits.

Not having jurisdiction, the government's other motion for an injunction against Newhouse Galleries is denied and the action remanded to the state court.

Settle order.