David JACOBS, Plaintiff,

v.

DISTRICT DIRECTOR OF INTERNAL REVENUE, BOROUGH OF MANHATTAN, CITY OF NEW YORK, New York Credit Men's Adjustment Bureau, Inc. (Secretary of Creditors' Committee of Kolmer & Co., Inc.), Doris Kollmer, Richard Kolmer, Executor of the Estate of Max Kolmer, Deceased, Ben Levine, and Marshall, Bratter, Greene, Allison & Tucker, Attorneys, Defendants.

United States District Court
S. D. New York.
Feb. 15, 1963.

Louis Gruss, New York City, for plaintiff David Jacobs.

Vincent L. Broderick, U. S. Atty., New York City, for defendant District Director of Internal Revenue (Clarence M. Dunnaville, Asst. U. S. Atty., New York City, of counsel).

Hahn, Hessen, Margolis & Ryan, New York City, for defendant New York Credit Men's Adjustment Bureau, Inc. (J. Jacob Hahn and George A. Hahn, New York City, of counsel).

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant Doris Kollmer.

Sandow Holman, New York City, for interpleaded defendants Marshall, Bratter, Greene, Allison and Tucker.

MacMAHON, District Judge.

This is an interpleader action which was commenced under Section 285, New York Civil Practice Act, in the Supreme Court of the State of New York. It was removed to this court pursuant to Title 28 United States Code, Sections 1444 and 1446, by a petition filed by the United States on August 1, 1962.

Defendant, New York Credit Men's Adjustment Bureau (Bureau), moves under Rule 12(b), Federal Rules of Civil Procedure, to dismiss the complaint on the grounds that the court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. The United States, not named as a defendant, moves to dismiss the complaint as against defendant District Director of Internal Revenue (District Director) on the grounds of sovereign immunity and improper joinder, and also for leave to intervene as plaintiff, pursuant to Rule 24, Federal Rules of Civil Procedure, on the ground that it will be adversely affected by disposition of the property which is the subject of this suit.

In addition to the above-stated motions, the United States, in its supplemental memorandum of law, requests leave of court to amend its removal petition to allege 28 U.S.C. §§ 1441 and 1442 (a) as additional grounds for removal. While a removal petition may be amended at any time to state more specifically a ground for removal already imperfectly stated, it is well settled that after the 20-day period allowed by 28 U.S.C. § 1446 for the filing of a removal petition has expired, an amendment which would add an entirely new ground for removal is not permissible. United Gas Pipe Line Co. v. Brown, 207 F.Supp. 139 (E.D. La.1962); Roseberry v. Fredell, 174 F. Supp. 937 (E.D.Ky.1959); Browne v. Hartford Fire Ins. Co., 168 F.Supp. 796 (N.D.Ill.1959). In the instant action, the above statutory period has long since expired. The amendment sought by the United States, asserting as it does grounds for removal which were entirely absent in the original petition is, therefore, not allowable.

As amendment of its petition is time barred, the United States must rely on 28 U.S.C. § 1444 as the sole basis for re-

moval of the present suit to this court. Under that section, removal is proper only if the removed action is of the character delineated in 28 U.S.C. § 2410(a), that is, an action to quiet title to, or for the foreclosure of, a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.

Upon review of all the pertinent cases, the court is of the opinion that an interpleader action, such as the one now before it, cannot be fairly characterized as one within the scope of § 2410(a). Wildenstein & Co., Inc. v. Gilbert and Day & Meyer, Murray & Young Corp., 217 F.Supp. 816 (S.D.N.Y. November 8, 1962); Herter v. Helmsley-Spear, Inc., 149 F.Supp. 713 (S.D.N.Y.1957). It necessarily follows that the present action was improperly removed to this court.

Although the District Director has been named as an interpleaded defendant, he, clearly, is only a nominal party. His interest in the controversy is not personal but merely representative of that of the United States. The action is, in effect, one against the United States and, as such, it is maintainable against the latter only if it has waived its sovereign immunity. Laughlin v. Harrington, 103 U.S.App.D.C. 179, 256 F.2d 893 (1958), cert. denied 358 U.S. 945, 79 S.Ct. 352, 3 L.Ed.2d 351 (1959); Burkley v. United States, 185 F.2d 267 (7 Cir., 1950). However, as this action is neither within § 2410(a), nor any other waiver provision, it is a suit to which the United States has not consented. As a result, the state court never acquired valid jurisdiction over the subject matter in respect to the United States. Since the jurisdiction of the district court on removal is derived from that of the state court, this court also lacks such jurisdiction. State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); Garden Homes, Inc. v. Mason, 238 F.2d 651 (1 Cir., 1956).

The United States has, in effect, conceded the lack of jurisdiction in this court by its assertion of sovereign immunity as one of the grounds in support of its motion to dismiss the complaint. It seems obvious that the real reason why the United States seeks to intervene in this action is to attempt to give the court the jurisdiction it now lacks. Such intervention, however, cannot be granted as there is present no jurisdictional foundation upon which the court may act. Hofheimer v. McIntee, 179 F.2d 789 (7 Cir.), cert. denied Johnston v. McIntee, 340 U.S. 817, 71 S.Ct. 47, 95 L.Ed. 600, rehearing denied 340 U.S. 885, 71 S.Ct. 192, 95 L.Ed. 642 (1950); Lesnik v. Public Industrials Corp., 144 F.2d 968 (2 Cir., 1944).

In conclusion, then, the court finds that removal was improper and, further, that it is without jurisdiction to entertain this action. While dismissal of the complaint is the usual procedure where a court lacks jurisdiction over the subject matter, the better course in a removed action is to remand the suit to the state court from which it was removed. In re Bear River Drainage District, 267 F.2d 849 (10 Cir., 1959); Weeks v. Fidelity & Casualty Co. of N. Y., 218 F.2d 503 (5 Cir., 1955). The fact that a motion to remand has not been made is immaterial as the court *sua sponte* may remand under 28 U.S.C. § 1447(c).

The court, therefore, (1) denies the application of the United States to amend its removal petition; (2) denies the motions of the United States to intervene as plaintiff and to dismiss the complaint as against the District Director; (3) denies the motion of the Bureau to dismiss the complaint, and (4) orders that this action be remanded to the Supreme Court of the State of New York, County of New York. The Clerk is directed to take any and all necessary steps to complete the remand of this action in accordance with this order.

So ordered.