In the Matter of the Application of **CBS INC., Neal Pilson, and Ted Shaker, Petitioners,**

v.

**James SNYDER, Respondent.**

**No. 91 Civ. 1222 (WCC).**

United States District Court, S.D. New York.

April 29, 1991.

Douglas P. Jacobs (Anthony M. Bongiorno, of counsel), New York City, for petitioners.

Liddle, O'Connor, Finkelstein & Robinson (Jeffrey L. Liddle, Barbara R. Shweky, Danielle Negroni, of counsel), New York City, for respondent.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This action to stay arbitration proceedings was initiated in state court on January 22, 1991. The matter is currently before this Court on the motion of CBS Inc. ("CBS") to remand this action to state court, pursuant to 28 U.S.C. § 1447(c). CBS argues that the Notice of Removal is fatally defective as it does not allege complete diversity both at the time of the commencement of the action and at the time of removal. For the reasons set forth below, CBS's motion for remand is denied.

## BACKGROUND

This is an action in which CBS is seeking to stay labor arbitration initiated by James Snyder, a/k/a "Jimmy the Greek." The arbitration arises out of the January, 1988 discharge by CBS of Mr. Snyder, a well-known football analyst and sports commentator.

On January 15, 1991, Mr. Snyder commenced an arbitration proceeding against, *inter alia*, CBS, Neal Pilson ("Pilson"), and Ted Shaker ("Shaker") (collectively "petitioners"), by filing a Statement of Claim with the American Arbitration Association. On January 22, 1991, petitioners commenced a special proceeding in the Supreme Court of the State of New York, New York County to stay the arbitration.

On February 20, 1991, Snyder filed a Notice of Removal in this Court. The asserted jurisdictional basis for removal was diversity of citizenship. The Notice of Removal, however, was defective because it did not allege the citizenship of Pilson and Shaker at the time the proceeding was commenced and did not allege the citizenship of

Snyder and CBS at the time the proceeding was removed.[1]

On March 7, 1991, Snyder filed an Amended Notice of Removal after expiration of the time for removal and without leave of the Court.[2] The Amended Notice of Removal alleges, *inter alia*, that "[n]o change of citizenship of the parties has occurred since the commencement of this action." Thus, it alleges the citizenships of CBS, Pilson, and Shaker both when the proceeding was commenced and when the proceeding was removed.

On March 8, 1991, petitioners made a motion to remand this proceeding on the ground that a notice of removal may not be amended to cure a fundamental jurisdictional pleading defect after the statutory 30–day limit of § 1446(b) has expired.[3]

## DISCUSSION

■ The sole issue before this Court is whether the jurisdictional defect in Snyder's Notice of Removal may be cured by an untimely amendment.

■ A party seeking removal predicated on diversity of citizenship must allege sufficient facts to show diversity both at the time of the commencement of the action in state court and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 231, 9 S.Ct. 518, 519, 32 L.Ed. 914 (1889). A petition for removal may be amended freely within the statutory 30–day period calculated from the date of service of the initial state court pleading. Thereafter it may be amended to set forth more specifically grounds for removal which were imperfectly stated in the original petition. The prior decisions have made a distinction between an "imperfect" or "defective" allegation and a wholly missing allegation, which cannot be supplied by amendment after the 30–day period has run.

■ The issue which this Court must resolve is the nature of the defect. Where the defect is "fundamental," as CBS asserts is the case here, the notice of removal may not be untimely amended. *See Conticommodity Services, Inc. v. Lemme*, Slip Op. No. 82 Civ. 6930 (CBM) (S.D.N.Y. March 3, 1983); *Jacobs v. District Director of Internal Revenue*, 217 F.Supp. 104, 105–06 (S.D.N.Y.1963). On the other hand, where the defect is "technical" and there are averments reflecting an imperfect attempt to show jurisdiction, as Snyder and putative intervenor American Federation of Television and Radio Artists ("AFTRA") assert is the case, the trial court has the power to permit untimely amendment of the petition. *See generally* 14A C. Wright, A. Miller & E. Cooper *Federal Civil Practice and Procedure* § 3733 at 536–37.

1. The Notice of Removal reads, in relevant part:

   4. The action is a civil proceeding to stay the arbitration commenced by the petitioner. Jurisdiction is conferred upon The United Stated [sic] District Court for the Southern District of New York by 28 U.S.C. § 1332.
   5. The matter in dispute exceeds the sum of $50,000, exclusive of interests and costs.
   6. At the time of the commencement of this action respondent CBS Inc. was a New York corporation with its principle [sic] place of business at 51 West 52nd Street, New York, New York 10021. Neal Pilson is a resident and citizen of the State of New York and his address is 35 Neustadt Lane, Chappaqua, N.Y. Ted Shaker is a resident and citizen of the State of Connecticut. His address is unknown.
   7. At the time of the commencement of this proceeding petitioner was a citizen and resident of the State of North Carolina.

2. A notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading. *See* 28 U.S.C. § 1446(b). There is no dispute that the 30–day time limit of § 1446(b) had expired when the Amended Notice of Removal was filed. CBS filed its petition in the Supreme Court of the State of New York on January 22, 1991. Copies of CBS's notice of petition, verified petition to stay arbitration, affidavit, and memorandum of law were served on Snyder on January 22, 1991. Accordingly, the 30–day time limit of 28 U.S.C. § 1446(b) expired on February 21, 1991. The Amended Notice of Removal was filed March 7, 1991.

3. On March 7, 1991, the American Arbitration Association dismissed the arbitration demands initiated by Snyder against, *inter alia*, Pilson and Shaker, because of Snyder's failure to demonstrate that an arbitration agreement exists between Snyder and Pilson and Shaker. This dismissal mooted their involvement in this case and renders the allegations of their citizenship in the Notice of Removal irrelevant. Accordingly, CBS presses this remand motion on its own behalf only. CBS Reply Memorandum at 2.

CBS argues that the Notice of Removal is completely silent on the citizenship of CBS and Snyder at the time of removal and that it accordingly cannot be determined from the face of the Notice of Removal whether complete diversity existed between the parties at the time of removal. For this reason, CBS asserts, remand is appropriate. Moreover, CBS asserts, nothing in CBS's state court pleading provides this necessary information.[4] CBS urges that here defendant does not seek to amend an allegation imperfect in form, but, rather, seeks to introduce one not heretofore made. Citing *F & L Drug Corp. v. American Cent. Ins. Co.*, 200 F.Supp. 718, 722 (D.Conn.1961), it asserts that "where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded.... An absence of an allegation cannot be regarded as an allegation defective in form."

Snyder contends that inasmuch as the factual requisites of federal jurisdiction undisputedly exist, and a good faith, albeit clumsy, attempt was made to allege them, he should be permitted to amend his petition to assert those facts despite the fact that the 30–day period has elapsed. This Court agrees. The Notice of Removal alleges that CBS was a New York corporation at the time the action was filed. Indeed, CBS's state court petition so alleged, and it has never been amended. There is no reason to believe that CBS changed its state of incorporation or its principal place of business in the four-week interval between the filing of that pleading and the filing of the Notice of Removal. Therefore, anyone reading the Notice of Removal would logically assume that the allegation respecting CBS's residence applied not only to the time of commencement of the action but also to the time of removal. Making

express that which would normally be assumed from the facts alleged is a formal change of the type which should be allowed to prevent the loss of an important right.

■ *Pro forma* defects cannot suffice to deprive a party of a plain entitlement to a federal forum. *See D.J. McDuffie Inc. v. Old Reliable Fire Ins.*, 608 F.2d 145 (5th Cir.1979) (failure to allege citizenship at the time suit was brought and at the time of removal can be cured by amendment), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980); *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir.1969) (permitting removal petition to be amended on appeal to allege both state of incorporation and principal place of business of corporate parties); *George v. Douglas Aircraft Co.*, 332 F.2d 73 (2d Cir.1964) (complaint by individual residents of Texas against Delaware corporation based on diversity was defective for failure to assert that corporation's principal place of business was not Texas, but court would assume that complaint could have been amended to allege this), *cert. denied*, 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964).

The Amended Notice of Removal, filed March 7, 1991, cures the jurisdictional defect by amplifying the allegations of citizenship, *i.e.*, by alleging that the respective citizenships of CBS and Snyder did not change between the time the proceeding was commenced and the time it was removed. In the instant case, Snyder's amendment was in no way inconsistent with his original Notice. It is more analogous to a clarification or amplification of an ill-pleaded allegation than it is to the assertion of an entirely new ground for removal.

---

4. CBS' Verified Petition to Stay Arbitration, dated January 22, 1991, reads, in relevant part:

> *Parties*
>
> 2. Petitioner CBS is a corporation organized under the laws of the State of New York, with its principal place of business at 51 West 52nd Street, New York, NY 10019.
>
> 3. Petitioner Neal Pilson is, and at all relevant times was, the President of CBS Sports, a division of CBS.

> 4. Petitioner Ted Shaker is, and at all relevant times was, the Executive Producer of CBS Sports.
>
> 5. Respondent James Snyder, a/k/a "Jimmy the Greek", is a former employee of CBS. Snyder resides at 10 Digby Place, Durham, North Carolina 27705.

The amendment is authorized by the terms of 28 U.S.C. § 1653, which provides that, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." In *Hendrix v. New Amsterdam Casualty Company*, 390 F.2d 299 (10th Cir.1968), the Court of Appeals for the 10th Circuit affirmed the trial court's decision permitting the amendment of a removal petition to add allegations of the principal place of business of the defendant insurance company and the citizenship of the plaintiff insured. The plaintiff contended that the defendant's diversity allegations were fatally flawed, thus requiring remand. The court rejected such an inflexible rule and concluded that the plaintiff's approach would be contrary to 28 U.S.C. § 1653 and the interests of justice:

> We are not unmindful of numerous district court opinions which question the power to allow such amendments under varying circumstances after the time for initially filing removal petitions has expired. But if applied to circumstances comparable to those of the present case, we believe that their reasoning would be too grudging with reference to the controlling statute, too prone to equate imperfections with the total absence of jurisdictional foundations, and would exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to the federal courts.

390 F.2d at 301 (footnotes omitted). This reasoning has been followed in a majority of the cases in this District which have confronted the issue.[5] Other district courts have likewise concluded that the failure to allege properly the citizenship of the parties both at the time the action was commenced and at the time removal is sought is a defect which can be cured by an amended removal petition.[6] While some

---

5. *See Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649 (S.D.N.Y.1978) (in case where removal petition was signed by only one of two defendants, where the petition represented that the second defendant had authorized the petitioning defendant to represent that the second defendant consented to removal and where second defendant had filed an affidavit consenting to removal and plaintiff was not seriously prejudiced by any defect in the original petition, affidavit filed after time to petition for removal had passed was held to cure any defect in the original petition); *Browne Bros. Cypen Corp. v. Carner Bank of Miami Beach*, 287 F.Supp. 700 (S.D.N.Y.1968) (technical defects should not defeat removal except in cases where the defects "lead to doubt of federal jurisdiction;" a contrary result would "exalt form over substance" in cases where federal jurisdiction was unquestionably present); *Harlem River Produce Co. v. Aetna Casualty and Surety Co.*, 257 F.Supp. 160 (S.D.N.Y.1965) (failure to cite the specific section in the U.S.Code under which an action is removed in petition for removal is at most a technical defect where adequate factual basis for removal is set forth).

*Conticommodity Services*, slip op. No. 82 Civ. 6930, and *Jacobs*, 217 F.Supp. 104, cited by CBS, are not inconsistent with the weight of authority in this District. In *Conticommodity*, the defendant sought to file an amended removal petition which contravened central jurisdictional allegations in the initial petition. The court found that this was analogous to the assertion of an entirely new ground for removal which, relying on *Jacobs*, the court held to be impermissible. In *Jacobs*, not only did the defendant seek to add an entirely new ground for removal, but the court held that the state court had never acquired valid jurisdiction, and, consequently, that the federal court's derivative jurisdiction was lacking. These cases do not undermine the case law in this District permitting amendments which seek to cure faulty jurisdictional allegations.

6. *See LeNeave v. North Am. Life Assur. Co.*, 632 F.Supp. 1453 (D.Minn.1986) (while removal petition was defective in that it failed to allege that diversity of citizenship existed at the time the suit was filed and at the time the removal petition was filed, permitting amendment caused no prejudice to plaintiff since there was no dispute that diversity existed and the complaint clearly set forth diverse citizenship of the parties); *Moser v. Bostitch Div. of Textron, Inc.*, 609 F.Supp. 917 (W.D.Pa.1985) (while petition for removal, which only alleged diversity of citizenship at time of filing of petition, and not when suit was commenced in state court, was defective, where there was no controversy as to diverse citizenship at time suit was commenced, defendant was entitled to amend removal petition to more properly allege basis for removal jurisdiction); *Cook v. J.C. Penney Co.*, 558 F.Supp. 78 (N.D. Iowa 1983) (after 30–day period had passed, defendant was granted leave to amend petition which failed to allege that diversity existed both at the time action was filed and at the time of removal because the defects in the petition concerned matters of form, not substance, there was no showing that any party would be prejudiced, and it was not controverted that the court would have jurisdiction but for the defects in the petition); *Kentucky Solar Energy Controls, Inc. v. American Borate Company*, 497 F.Supp. 555 (E.D.Ky.1980) (where petition for removal

cases cited by CBS involved the failure to allege diversity of citizenship at the time the action was filed, *Outdoor World Corp. v. Calvert,* 618 F.Supp. 446 (E.D.Va.1985); *Garza v. Midland National Insurance Co.,* 256 F.Supp. 12 (S.D.Fla.1966); *Carlton Properties Inc. v. Crescent City Leasing Corp.,* 212 F.Supp. 370 (E.D.Pa.1962), these cases are factually distinct from the situation at issue here, the failure to allege diversity at the time of removal. In the former category of cases, the missing jurisdictional allegation raises the inference that the defendant might have changed its citizenship after the state court action was filed solely in order to invoke the jurisdiction of the federal court. *PepsiCo., Inc. v. Wendy's Int'l. Inc.,* 118 F.R.D. 38, 40–41 (S.D.N.Y.1987). This Court has noted that the purpose of the rule requiring allegations of diversity both at the commencement of the action and at the time of removal is to "prevent[ ] a nondiverse defendant from manipulating the court's jurisdiction by changing its state of residence after the action is commenced and then seeking to remove based on the newly created diversity." *PepsiCo.,* 118 F.R.D. at 40 (citation omitted). Here, where the missing allegation relates to diversity at the time of removal, the policy of avoiding manipulation does not come into play.

This Court finds that Snyder's deficient allegation of diversity at the time of removal is not tantamount to "the total absence of jurisdictional foundations," and that there is no underlying controversy over the propriety of federal jurisdiction. *See Hendrix,* 390 F.2d at 301. CBS has not shown that it would be prejudiced if this Court were to allow Snyder to amend his petition for removal. This Court hereby accepts

alleged diversity as of time of request for removal, but failed to allege diversity as of commencement of suit in state court, amendment was permitted as plaintiff did not show that it would be prejudiced by amendment and no genuine controversy that the parties were of diverse citizenship appeared); *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.,* 486 F.Supp. 769 (E.D.Ky.1980) (while petition for removal was defective insofar as it alleged the citizenship of the parties only at the time the petition was filed and did not allege their citizenship at the time the action was commenced

the Amended Notice of Removal and finds that Snyder has met the burden of establishing his right to remove.[7]

## CONCLUSION

For the reasons set forth above, CBS's motion for remand is denied.

SO ORDERED.

in state court, where the jurisdictional facts did exist, amendment was permitted).

7. Because this Court retains jurisdiction on the grounds for removal asserted by Snyder in his Notice of Removal and Amended Notice of Removal—diversity jurisdiction—it does not reach the argument of putative intervenor AFTRA which urges this Court, on its own initiative, to retain jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, a basis for jurisdiction not alleged by Snyder in his removal petitions.