**Benedetto SCHEPIS, Plaintiff,**

v.

**LOCAL UNION NO. 17, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, and District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, Defendants.**

No. 97 Civ. 7455(SS).

United States District Court,
S.D. New York.

Jan. 9, 1998.

Gareth W. Stewart, New York City, for Plaintiff.

Weiss & Weiss L.L.C., Scott A. Weiss, Fairfield, CT, for Defendants.

## ORDER AND OPINION

SOTOMAYOR, District Judge.

Plaintiff Benedetto Schepis ("Schepis") moves to remand this removed action to the New York Supreme Court, Bronx County, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). For the reasons discussed below, the plaintiff's motion is GRANTED.

## BACKGROUND

The plaintiff, a New York resident, is a former union delegate and business representative of defendants District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council"), and its local affiliate, Local Union No. 17, United Brotherhood of Carpenters and Joiners of America ("Local 17") (collectively, the "Union"). In or about 1989, Schepis was indicted in New York County for bribing a fellow union official, and was convicted on one count of the indictment following a jury trial. He appealed. In July 1994, the state appellate court overturned Schepis' conviction because of insufficient evidence and dismissed the indictment. *See People v. Schepis*, 206 A.D.2d 278, 614 N.Y.S.2d 719, 720 (1st Dep't 1994).

After the dismissal of his conviction, Schepis demanded that the Union indemnify him for his costs and attorney's fees in defending against the criminal action. The Union refused. As a result, Schepis filed the instant lawsuit in the New York State Supreme Court for Bronx County, seeking the reimbursement of $400,000 in legal defense costs incurred in his criminal defense. The complaint filed by Schepis asserts only state law claims for reimbursement, based upon New York statutory and common law principles of agency, trust-fiduciary duties, and contract. No federal claim is included in the complaint.

The Union removed this action to federal court pursuant to 28 U.S .C. § 1441, asserting that Schepis' claims raise "substantial questions" under Section 501(b) of the Labor–Management Disclosure and Reporting Act of 1959 ("LMRDA"), 29 U.S.C. § 501(b).[1] Schepis denies that he alleged any federal claim and seeks remand to the state court on the ground that this Court is without subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Schepis also requests the Court to award its fees and costs incurred in bringing this motion.

## DISCUSSION

On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. *See United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979) ("the burden falls squarely upon the removing party to estab-

---

1. Schepis argues that the Union's removal petition is technically defective because it was filed only by District Council, without the express consent of Local 17. As a general rule, all named defendants must join in the removal petition for removal to be proper. *See Bradford v. Harding*, 284 F.2d 307 (2d Cir.1960); *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y.), *aff'd* 101 F.3d 888 (2d Cir.1996). While it is true that Local 17's consent is not apparent from the petition, defense counsel points out that, under the United Brotherhood's Constitution, District Council is authorized to act on all matters relating to its affiliated local unions, such that District Council's removal necessarily operated on behalf of both defendants and Local 17's consent was not required. This decision-making structure was surely known to plaintiff; a former business representative of both defendants. Moreover, at the time the complaint in this action was filed, Local 17 was in the process of being dissolved (it is now totally dissolved) and therefore was a nominal party to the action. *See DeBuono*, 927 F.Supp. at 129–30 (consent for removal need not be obtained from nominal or formal parties to action); *Norman v. Cuomo*, 796 F.Supp. 654, 658 (N.D.N.Y.1992) (same). For the foregoing reasons, the Court finds that the Union's removal petition was not defective.

lish its right to a federal forum by competent proof").

■ Section 1441(b) of Title 28 of the United States Code permits removal to federal court of any civil action over which the district court has original jurisdiction, including any action that arises under federal law.[2] Removal on the basis of federal question jurisdiction is improper unless a federal question is an essential element of a plaintiff's cause of action, and is apparent on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 53–4 (2d Cir.1996); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir.1994). Under the well-pleaded complaint rule, the plaintiff is "master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). Thus, where the plaintiff's claims involve both state and federal grounds, "the plaintiff is free·to ignore the federal question and pitch his claim on the state ground" to defeat removal. *Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.1986) (citation omitted). *See also Caterpillar*, 482 U.S. at 392 (plaintiff "may avoid federal jurisdiction by exclusive reliance on state law"). Furthermore, removal may not be predicated on the existence of a federal defense, such as the defense of preemption, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. *See also Barbara* 99 F.3d at 53–54 (fact that federal defense might bar suit entirely not sufficient to create removal jurisdiction).

■ A limited exception to the well-pleaded complaint rule arises, however, where Congress has mandated the "complete preemption" of a specific area of law, such that any civil complaint raising a state law claim in that area "is of necessity so federal in character that it arises under federal law . . . and permits removal to federal court under 28 U.S.C. § 1441." *Plumbing Indus. Bd., Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.*, 126 F.3d 61, 66 (2d Cir.1997) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). In those rare instances, a plaintiff cannot avoid removal by artfully pleading his complaint to rely upon state law, because the real nature of the claim is federal. *See Travelers*, 794 F.2d at 758; *Franchise Tax Bd.*, 463 U.S. at 24 ("[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

Here, Schepis' complaint facially asserts only state claims. The Union's removal petition contends, however, that the complaint raises "substantial questions of federal law" under LMRDA § 501, 29 U.S.C. § 501, the federal labor law provision concerning the fiduciary duties of union officials. (*See* Removal Petition, ¶ 4.) The Union's argument, as briefed for the Court, is somewhat contorted in that it stops short of asserting that § 501 preempts all of Schepis' state law claims, yet devotes the bulk of its analysis to comparing § 501 to ERISA provisions that do completely preempt state rules. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (finding complete preemption by ERISA of state rules concerning employee benefits). The Union also accuses Schepis of artfully pleading his complaint to avoid federal jurisdiction although, according to the Union, any cognizable claim Schepis has to reimbursement arises from and "exist[s] only by virtue of" the fiduciary standard expressed in § 501. (Def. Brief at 9.) Alternatively, the Union

---

**2.** The Union has not specified, either in its removal petition or opposition papers, the subsection of 28 U.S.C. § 1441 upon which it relies. However, because diversity jurisdiction is inapplicable here, and because the Union is clearly arguing for removal on the basis of federal question jurisdiction, I assume the Union predicates removal on 28 U.S.C. § 1441(b), which provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

argues that this Court has subject matter jurisdiction over Schepis' claims under Section 301 of the Labor Management Relations Action of 1947 ("LMRA"), 29 U.S.C. § 185. Significantly, § 301 was not cited as a basis for jurisdiction in the Union's removal petition.

### A. Removal Premised on § 501 of the LMRDA

■ Section 501 of the LMRDA contains two parts. Subsection 501(a) declares that union officials are fiduciaries who hold certain enumerated duties to their labor organization.[3] 29 U.S.C. § 501(a). Subsection 501(b) provides individual union members with a cause of action to sue union officials who are alleged to have violated their fiduciary duties, as set forth in § 501(a). Suits under § 501(b) may be brought only "upon leave of the court" and if the union itself refuses or fails to bring suit after being requested to do so by a member. *Id.* Section 501(b) further provides that the trial court may allot part of the recovery in such an action to pay the attorney's fees and costs of the union member who successfully brought the suit.[4]

Nothing in the text of § 501(b) addresses the reimbursement of attorney's fees incurred by union officials who are charged with violating their fiduciary duties. Rather, "[t]he statutory language, by its terms, deals only with reimbursement to successful plaintiffs, and contemplates payment only out of funds recovered on behalf of the union." *Doyle v. Kamenkowitz,* 114 F.3d 371, 375 (2d Cir.1997). Section 501(b) is therefore not applicable to the type of reimbursement claim asserted by Schepis. Admittedly, courts in this Circuit and elsewhere have construed the language of § 501(b) "so as not to bar payment of successful defendants' legal expenses out of the union's coffers." *Doyle,* 114 F.3d at 375 (citing *Morrissey v. Segal,* 526 F.2d 121, 128–29 (2d Cir.1975), which held that § 501(b) did not prohibit a union's voluntary reimbursement of an exonerated union official's legal defense costs) (other citations omitted). But in *Doyle,* when asked to decide whether an exonerated union official could *compel* reimbursement of defense fees and costs under § 501(b), the Second Circuit answered this question firmly in the negative, holding that "the plain language of the statute [did not] support creation of such a right of reimbursement against a union that is unwilling to pay." 114 F.3d at 375. Significantly, the *Doyle* Court then remanded the case back to the district court for a determination of whether such reimbursement could be compelled on *other* legal grounds, including under various provisions of New York State law. *Id.* at 379.

As the holding in *Doyle* evinces, nothing in § 501(b) forecloses Schepis from bringing state law claims for the reimbursement of his criminal defense costs. Even more conclusive on this point, however, is that the LMRDA explicitly preserves a plaintiff's right to resort to state law in this area. Section 603(a) of the Act provides that:

[e]xcept as explicitly provided to the contrary, nothing in this Act shall reduce or

---

3. Section 501(a) provides that labor union officials "occupy positions of trust in relation to such organization and its members as a group," and, therefore, have a duty to, among other things, hold the union's money and property solely for the benefit of the organization, abide by the union's constitution and by-laws, and avoid conflicts with the union's interest. 29 U.S.C. § 501(a).

4. The full text of § 501(b) provides:
When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation.

limit the responsibilities of any labor organization or any officer, agent shop steward, or other representative of a labor organization ... under the laws of any State.

29 U.S.C. § 523. Since the LMRDA's enactment, the Supreme Court has reinforced that § 603(a) is "an express disclaimer of preemption of state laws regulating the responsibilities of union officials, except where such preemption is expressly provided in the 1959 Act." *De Veau v. Braisted,* 363 U.S. 144, 157, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960) (plurality opinion); *see also id.,* 363 U.S. at 160–61 (BRENNAN, J. concurring in judgment) (LMRDA "explicitly provides that it shall not displace such legislation of the States"); *Id.,* 363 U.S. at 164 n. 4 (DOUGLAS, J. dissenting in judgment) (stating that § 603(a) specifically refers to "the fiduciary responsibilities created by § 501 of the Act and makes clear that these provisions of federal law do not pre-empt state law").[5] *Accord Brown v. Hotel and Restaurant Employees and Bartenders Int'l Union Local 54,* 468 U.S. 491, 506, 104 S.Ct. 3179, 82 L.Ed.2d 373 (1984).

Based on the foregoing, this Court has no basis for finding, as the Union suggests, that § 501 exclusively occupies the reimbursement field for exonerated union fiduciaries, or that it somehow infuses all state law claims for such reimbursement with "substantial questions of federal law." Such a finding would be unwarranted not only because of *Doyle*'s holding and the disclaimer of preemption in § 603(a), but also because § 501 does not even address the reimbursement of a union official's criminal defense costs. At best, the Union's assertion that § 501(b) provides the sole basis for Schepis' reimbursement claim is a defensive allegation, which furnishes no basis for removal. *See Caterpillar,* 482 U.S. at 393. Furthermore, even if Schepis could have sought reimbursement on federal as well as state

grounds, as master of his complaint he exercised his right not to do so.

**B.** *Removal Premised on § 301 of the LMRA*

As an alternative basis for removal, the Union argues that Schepis' claims are federal in nature because they require analysis of the Union's constitution and by-laws and, therefore, should be treated as claims arising under LMRA § 301.

As a threshold matter, this argument is waived because the Union failed to identity § 301 as a basis for removal in its petition; rather the Union raised this jurisdictional ground for the first time in opposing Schepis' remand motion. *See Wyant v. National R.R. Passenger Corp.,* 881 F.Supp. 919, 924–25 (S.D.N.Y.1995) (a defendant cannot, in opposing remand, argue a new substantive ground as a basis for removal); *In re CBS Inc. v. Snyder,* 762 F.Supp. 71, 73 (S.D.N.Y. 1991) (while defendant is free to amend removal petition within 30–day statutory removal period to add additional grounds, a wholly absent basis for removal cannot be supplied after the 30–day period has run). *See also* 28 U.S.C. § 1446(b) (requiring a notice of removal to contain "a short and plain statement of the grounds for removal"). Nevertheless, this Court will explain why § 301 would not, in any event, provide it with subject matter jurisdiction over this action.

Section 301 grants federal courts jurisdiction over actions for breach of a "contract[] between an employer and a labor organization."[6] 29 U.S.C. § 185(a). While such "contracts" typically are collective-bargaining agreements, the Supreme Court has held that union constitutions are also contracts within the meaning of § 301. *United Ass'n of Journeymen & Apprentices of the*

---

**5.** In making this assertion, Justice Douglas quoted from the legislative history of the LMRDA, which stated that, as a result of § 603(a), "[i]ndividual union members will ... have a choice between suing the State courts under the common law or invoking the provisions of the federal statute." *Id.* (quoting S .Rep. No. 187, 86th Cong., 1st Sess., p. 19).

**6.** Section 301(a) provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

*Plumbing & Pipefitting Indus. v. Local 334,* 452 U.S. 615, 621–22, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981). The Supreme Court has further held that individual union members may bring suit under § 301 for violation of a union constitution. *Wooddell v. International Bhd. of Elec. Workers,* 502 U.S. 93, 101, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991).

Unlike § 501, which does not carry preemptive force, § 301 has been held to preempt completely state law claims pertaining to the breach of union contracts. *See Franchise Tax Bd.,* supra, 463 U.S. at 23. Accordingly, § 301 might well give this Court jurisdiction over the instant action (assuming the Union had raised § 301 in its removal petition) were Schepis alleging that the Union breached its constitution or other collective bargaining agreement by refusing to reimburse him. But the complaint makes no such allegation. Rather, the only contract claim in the complaint alleges that Schepis is entitled to recoup his legal defense costs "[p]ursuant to defendants' custom and practice and representation." (Complaint ¶ 22, 23.) Schepis' brief in support of remand describes this claim as being one based on principles of "contractual estoppel." (Pltf. Mem. of Law, at 3.) While this Court is not aware of any such claim under New York State law,[7] Schepis' quasi-contract claim does not appear to rely on any written provisions in the Union's constitution, by-laws, or on any other contract within § 301's scope. Indeed, Schepis and the Union agree that no provision in the Union's constitution, by-laws, or collective bargaining agreements, provides for the reimbursement of his legal defense costs—further evidence that interpretation of these documents will not be required in deciding Schepis' claims.

Despite § 301's broad preemptive force, the Supreme Court has made it clear that § 301 does not prevent a union member from asserting state law contract claims which do not rely upon rights contained in a labor agreement. *See Caterpillar,* 482 U.S. at 396

("[A] plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement."). *See also Dougherty v. American Tel. and Tel. Co.,* 902 F.2d 201, 203 (2d Cir.1990) ("[N]ot every state-law claim is preempted by Section 301, and rights and obligations that are truly independent of a collective bargaining agreement are enforceable."). Accordingly, in *Caterpillar,* the Supreme Court remanded to state court the plaintiffs' contractual claims alleging an employer's breach of oral representations; because such claims did not require interpretation or application of a collective-bargaining agreement, they were not removable under § 301. *Id.* 482 U.S. at 395. In so holding, the Court noted that, while plaintiffs could have sued under § 301, "[a]s masters of the complaint . . . they chose not to do so." *Id.* *See also Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 409–410, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (state law action alleging retaliatory discharge was "independent" of collective bargaining agreement and therefore not preempted by § 301); *Bimler v. Stop & Shop Supermarket Co.,* 965 F.Supp. 292, 300–301 (D.Conn.1997) (employee's state claims for infliction of emotional distress and invasion of privacy not preempted by § 301 where based upon rights wholly separate from collective bargaining agreement). Likewise, here, the Union has failed to demonstrate that Schepis' state law claims are "inextricably intertwined" with considerations of any terms of the Union constitution, by-laws, or collective bargaining agreements, so as to arise under § 301. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

### C. Fees and Costs

 Plaintiff requests the Court to award its fees and costs incurred in bringing this motion. Such awards are discretionary

---

7. An on-line search of the entire body of New York State case law failed to identify a single reference to the term "contractual estoppel." However, the Court expresses no view on the merits of this or any other claim advanced by Schepis. Because the Court is remanding the

case for lack of jurisdiction, the state court will address these questions. *See Caterpillar,* 482 U.S. at 398 n. 13 (taking no position on the merits of claims that must be addressed in the first instance by the state court).

**518**

under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See Morgan Guar. Trust Co. v. Republic of Palau,* 971 F.2d 917, 924 (2d. Cir.1992) (noting that § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"). Assessment of costs and fees does not require a finding of bad faith or frivolity. *Id.* at 923.

This case is an appropriate one for the granting of fees and costs. The Union removed the case solely on the basis of LMRDA § 501, despite the Second Circuit's recent and unambiguous determination in *Doyle v. Kamenkowitz* that § 501 provides union officials with no federal cause of action for reimbursement of their criminal defense costs. 114 F.3d at 375. Moreover, both the Court's holding in *Doyle* and the disclaimer in LMRDA § 603(a) made it crystal clear that plaintiffs are free to pursue such claims on alternative state law grounds. Most charitably, the Union failed to consult *Doyle* before filing its removal notice. More likely, however, is that defendant understood that Schepis had no federal claim to reimbursement under § 501(b), and for that very reason tried to recast Schepis' state law claims as federal ones, to set them up for dismissal. The Union's argument under LMRA § 301 was equally contrived and raised only as an afterthought in opposing remand. Under these circumstances, Schepis is entitled to costs and reasonable attorney's fees in connection with this motion.

### CONCLUSION

Plaintiff's claims do not arise under federal law and therefore may not be removed to federal court. This action is hereby remanded to the state court and plaintiff is awarded his costs and reasonable attorney's fees in connection with this motion. The Court retains jurisdiction only to decide any disputes relating to the amount of the costs and fees, which amount the parties should first try to assess amicably between themselves, or oth-

erwise submit to the Court in letter briefing by no later than January 30, 1998.

**SO ORDERED.**